NEIL McKAY, Adm'r of ANN B. McKAY, *v.* HENRY A. GILLIAM and others.

The Act of 1861, ch. 4, sec. 12, which provides "that all deeds of trust and mortgages hereafter made, &c., to secure debts shall be void as to creditors, unless it is expressly declared therein that the proceeds of sale thereunder shall be appropriated to the payment of all the debts and liabilities of the trustor or mortgagor equally *pro rata,*" was confined to pre-existing debts, and did not apply to a transaction when there was no debt, save that which grew out of the transaction itself, and formed a material part of it.

If a person lend money, and to secure the payment, take a mortgage instead of personal security as a part of the transaction, it is a valuable consideration under the statute of 27th, Elizabeth, as against prior donees, and he stands on the footing of a purchaser for a valuable consideration ; but, if he have a pre-existing debt only and take a mortgage or a deed in trust to secure his debt, although it is valid under the 13th Elizabeth as against other creditors, it is not valid as against prior donees.

When one sold land and retained the title to secure the purchase money, or made title and took a mortgage to secure the purchase money, the legal effect was the same ; and in neither mode did the security taken fall within the operation of the Act of 1861, ch. 4, sec. 12.

The case of *Donaldson* v. *Bank of Cape Fear,* 1 Dev. Eq. 103, cited and approved.

This was a civil action brought by the plaintiff as the administrator of his deceased wife, Ann B. McKay, against the defendants.

The facts set forth in the complaint were substantially as follows: Ebenezer Pettigrew died in 1848, leaving a will, in which he bequeathed to his daughter Ann, the intestate of the plaintiff, twelve thousand dollars, which was charged upon a valuable tract of land called the Magnolia place, devised to her brother, William S. Pettigrew; that William S. Pettigrew afterwards, in 1861, conveyed to his sister another tract of land which his father in his life time had given him, called the Belgrade place, in payment of the aforesaid legacy of $12,000; that in the year, 1863, she being then of full age, and about to marry the plaintiff, it was agreed between her and her brother, that the arrangement made between them in 1861, should be rescinded, and that for the amount (about $14,000) then due of the legacy, and the interest thereon, he should give his bond and execute a mortgage on the said Belgrade place to secure it, which was accordingly done, and the mortgage duly registered in the proper county; that the contemplated marriage took effect, and in 1864 the wife died, and the plaintiff took out letters of administration on her estate; that afterwards, in 1868, William S. Pettigrew, being very much indebted to many persons, executed to the defendants, Gilliam and Latham, a deed in trust for the payment of all his debts, and that they took possession of the Belgrade place, and offered it for sale under the provisions of the said deed in trust.

The plaintiff demanded judgment: 1st, that the defendant, William S. Pettigrew should pay to him, what was due upon the bond aforesaid; 2nd, that such bond should be declared to be a lien upon the Belgrade place mortgaged to the plaintiff's intestate and then in the hands of Gilliam and Latham.

The defendants Gilliam and Latham, the trustees, and Williams, one of the *cestui que trusts,* demurred to the complaint; assigning as a principal cause of demurrer that by

the Act of 1861, ch. 4, sec. 12, the mortgage by William S. Pettigrew to his sister, the plaintiff's intestate, was void because it did not provide for the *pro rata* payment of all the debts of the mortgagor.

At the Fall Term, 1870, of the Superior Court of the County of CHOWAN, before his Honor *Judge Pool*, the demurrer was overruled, and a judgment given for the plaintiff, from which the defendants appealed.

*Phillips & Merrimon* and *Smith* for the plaintiffs.
*Bragg & Strong* for the defendant.

PEARSON, C. J.   The effect of the deed, William to Ann Pettigrew, in 1861, for the Belgrade place, &c., was to satisfy the legacy of $12,000, and to relieve the "Magnolia place" from the charge of its payment.

The question is, as to the effect of the arrangement entered into between them, and of the deeds executed in pursuance thereof, in May, 1863, in contemplation of her marriage.

The arrangement was, that the deed of 1861, should be set aside, and the legacy of $12,000 be revived, to be secured by the Belgrade place, &c., instead of the Magnolia place; which was charged with the legacy by the will of the testator.

This arrangement could have been effectuated in two ways —a note of William, for the payment of the legacy, at the time agreed, and a bond of Ann, to make title to the Belgrade place, upon the payment of the legacy and annual interest, or a deed by Ann to William, for the Belgrade place, and a note of William for the amount of the legacy, secured by a mortgage on the Belgrade place.

The latter mode was adopted.   But it is objected, that it was not carried out, for the mortgage is void, under the provisions of the Act 1861, ch. 4, sec. 12.   If the mortgage be

valid, that ends the matter. If the mortgage be void, it will be necessary to consider the subject further.

We are of opinion that the mortgage is valid ; and that mortgages of this nature do not come within the operation of the statute referred to. The words, mortgages, &c., to secure debts, shall be void against creditors, unless payment *pro rata,* of all of the debts of the mortgagor be provided for, evidently should be confined to pre-existing debts, and was not intended to embrace transactions of this kind, when there is no debt, save that, which grows out of the transaction itself, and forms a material part of it. For, the sole purpose of the statute, is to take from debtors the right to give preference to some creditors, to the exclusion of others, by requiring that all creditors shall share *pro rata,* under the provisions of a mortgage or deed of trust.

The distinction between pre-existing debts and a debt growing out of the very transaction is well settled. The former do not constitute a valuable consideration in favor of a purchaser under 27th Eliz. The latter does. If one lends money and to secure the payment, takes a mortgage instead of personal security as a part of the transaction it is a valuable consideration under the statute 27th Eliz., as against prior donees, and he stands on the footing of a purchaser for valuable consideration. But, if one, having a pre-existing debt, takes a mortgage or a deed of trust to secure his debt, although valid under 13th Eliz. as against other creditors, it is not valid as against a prior donee—for, the relation of creditor and debtor existed before, and in truth, the creditor pays nothing which can support the deed on the idea, that he had parted with his money, in order to become a purchaser of the land out and out, or to have the land as a security for money then advanced, as a part of the transaction. *Donaldson* v. *Bank Cape Fear,* 1 Dev. Eq. 103. From this case, we learn, that if a creditor takes a mortgage to secure a pre-existing debt, although the mortgage is valid

under the 13th Eliz., it is not allowed the effect of putting him in the condition of a purchaser for valuable consideration, within the operation of 27th Eliz. It is clear that when the vendor takes the note of the vendee for the purchase money and gives a bond for title, retaining the legal estate as security—the case does not fall under the operation of the Act of 1861, although the legal effect is to create the relation of Trustee, and he holds the land in trust to secure the purchase money, and then in trust for the vendee, such must likewise be the legal effect should the vendor make title, and the vendee as a part of the transaction, re-convey by way of mortgage, to secure the purchase money.

In our case, the legacy of $12,000 must be considered as revived, when in 1863, Ann Pettigrew executed the deed for the Belgrade place, &c. to William, or else there is no consideration for the deed save the nominal sum inserted, to raise the use; so in fact, the transaction amounted to a sale by her to William, of the Belgrade place, &c., in consideration of $12,000, and the accumulated interest—whether she retained the title to secure the purchase money or made title, taking a mortgage to secure the purchase money, is the same in legal effect, and in neither mode does the security taken fall under the operation of the Act of 1861, although in the latter, a mortgage is taken, while in the former, the more simple plan is adopted of retaining the title.

The judgment of the Superior Court is affirmed.

Per Curiam.                              Judgment affirmed.