AVERY and CLARK, JJ., dissenting.
This case was submitted to the court below under section 567 of The Code, and is here by appeal. This section of The Code answers a most excellent and useful purpose, in that it enables parties to have their questions in difference settled upon an agreed state of facts, without delay and without the cost of witnesses and a trial below. It disregards forms, as such, and the perplexities of pleadings. It requires only that, by affidavit, it shall be made to appear that a real case exists, and that the controversy is submitted in good faith to determine the rights of the parties. One of the long-standing rules of practice of this Court (No. 10) provides that, "When, by consent of counsel, it is desired to submit a case without oral argument, the Court will receive printed arguments without regard to the number of the case on the docket, or date of docketing the appeal. . . . ." Rule 13, amongst other things, provides that the Court, at the instance of a party to a cause directly involving a matter of great public interest, may assign an earlier place in the calendar, or fix a day for the argument thereof, which shall take precedence of other business. Under these rules, we have felt it to be our duty to give an early hearing to the matters involved in the case before us, because of its public and general interest.
Upon examination of the proceeding before us, we are not satisfied that the facts are stated with sufficient fullness to entirely comply with the statute under which the matter is submitted; but (320) the question of law which is submitted is presented with entire distinctness. And while ordinarily we might dismiss the proceeding because the case is not full enough as to its statement of facts, yet where a matter involves a great public interest, as does this matter, we have concluded to follow a late precedent of this Court — "Treat the case as in the nature of a submission of the controversy without a formal action." The precedent to which we refer will be found in Appendix "A," 114 N.C. This controversy arises upon a state of facts which brings (323) before us the construction of the act of the General Assembly of 13 March, 1895, entitled "An act to regulate assignments and other conveyances of like nature in North Carolina." Section 1 is as follows: "That all conditional sales, assignments, mortgages or deeds in trust which are executed to secure any debt, obligation, note or bond which *Page 190 
gives preference to any creditor of the maker shall be absolutely void as to existing creditors." The plaintiff contends that the mortgage in this case is void under the provisions of the act. We are of the opinion that the mortgage is valid and that the act is limited to conditional sales, assignments, mortgages and deeds in trust made to secure preexisting debts and obligations, and that mortgages of the nature of the one before the Court, growing out of the transaction itself and executed for a present consideration, do not come within the operation of the statute referred to, and that it (the statute) evidently refers to preexisting debts, and was not intended to embrace transactions of this kind, where the debt grows out of the transaction itself and is for a present (324) consideration. We are supported in this position by an opinion of this Court at its January Term, 1871, delivered by Chief JusticePearson, in McKay v. Gilliam, 65 N.C. 130, construing Laws 1861, ch. 4, sec. 12, which act is substantially like the one now under consideration. The same principle of construction is also recognized inReeves v. Cole, 93 N.C. 90, although that case arose on the construction of the statute concerning agricultural supplies. However, after deciding the point raised in that case, Chief Justice Smith, for the Court, further said: "A similar method of construction was pursued in ascertaining the meaning and giving effect to a section in the act of 11 September, 1861, which declared that `all deeds of trust and mortgages hereafter made and judgments confessed to secure debts shall be void as to creditors,' unless providing for the payment pro rata of all the debts and liabilities of the maker. It was held in McKay v. Gilliam, supra, that, notwithstanding the broad terms of the act, its purpose was `to take from the debtors the right to give preference to some creditors to the exclusion of others,' and its operation was confined to preexisting debts and did not include a loan contracted at the time of the execution of the deed and secured by it." We are, therefore, further of the opinion that the act before us is intended only to prevent a preference in favor of preexisting creditors in the cases specified in the act itself. The appellant will pay the costs of this proceeding.