J. J. EATON ET AL. v. MOORESVILLE GRADED SCHOOL.

(Filed 6 December, 1922.)

**Judgment—Estoppel—Parties—School Districts—Taxation—Bonds—Injunction.**

The taxpayers of a school district, except where some special private interest is shown, are real parties in interest in a suit by a resident and taxpayer of the district to enjoin the levy and collection of a special tax for school purposes therein; and where the final judgment of the Superior Court, unappealed from, has been rendered against the plaintiff in such

suit, without suggestion of fraud or collusion, the subject-matter is *res adjudicata* as to all the taxpayers and residents of the district, whether they have been made nominal parties to the suit or otherwise, and they are estopped from independent suits concerning the matters adjudicated.

APPEAL by plaintiffs from *Bryson, J.,* at May Term, 1922, of DAVIE.

Civil action to restrain the defendants from levying and collecting a special school tax in Mocksville School District, and to test the validity of a proposed bond issue, upon the alleged ground that the election, under which said tax and bonds were approved by a majority of the qualified voters resident within the district, was illegally held, and is therefore void.

From an order denying the application for injunctive relief, plaintiffs appealed.

*E. H. Morris for plaintiffs.*
*A. T. Grant, Jr., for defendants.*

STACY, J. The election in question was held on 6 September, 1921. A few days thereafter, Dr. A. Z. Taylor, a resident and taxpayer of the Mocksville School District, instituted an action to enjoin the issuance of the bonds and the levy of the special tax, mentioned in the present complaint, and for the purpose of having the election here contested declared illegal and void. The purposes of the Taylor suit were identical with those in the present case. There was a final judgment rendered in the Taylor case declaring the election to be legal and valid in all respects, and directing the proper authorities to proceed in the premises in accordance with the results of said election. Notice of appeal to the Supreme Court was duly entered of record, but was not perfected, and later it was abandoned.

Defendants contend that the matters now sought to be litigated are *res adjudicata,* by virtue of the judgment rendered in the Taylor case. This was the holding of the court below; and, upon this phase of the controversy, the following finding was incorporated in the judgment.

"The court further finds as a fact that the plaintiff in the former action, and the plaintiffs in this action reside within the territory embraced in said school district. That one of the plaintiffs in the present action was attorney of record for the plaintiff in the first action, and is attorney of record in this proceeding; that the bondsmen in both actions are the same; that the relief sought is identical. That the creation of the school district, the issuance of the bonds, and the levying of taxes affected all persons within said school boundary, and thus created a community of interest or privity, as between them, touching such matters as might

be involved in the issuance of bonds, and levying of taxes within said boundary, and for the purposes complained of by the creation thereof."

Except where some special private interest is shown, it seems to be established by the clear weight of authority that, in the absence of fraud or collusion, a final judgment on the merits rendered in a suit by a taxpayer (usually brought on behalf of himself and others similarly situated), involving a matter of general interest to the public, and instituted against a governmental body, or local board, which, in its official capacity, represents the citizens and taxpayers in the territory affected, is binding on all the residents of the district, if adverse to the plaintiff, and all may take advantage of it if the judgment be otherwise. *Bear v. Comrs.*, 122 N. C., 434; *Clark v. Wolf*, 29 Iowa, 197; *Lyman v. Faris*, 53 Iowa, 498; *Harman v. Auditor*, 123 Ill., 122; *Sauls v. Freeman*, 24 Fla., 209; *S. v. Rainey*, 74 Mo., 229; *Gallaher v. City of Moundsville*, 34 W. Va., 730; *Stallcup v. Tacoma*, 13 Wash., 141; *Montgomery City Council v. Walker*, 154 Ala., 242; *Henderson County v. Henderson Bridge Co.*, 105 A. S. R. (Ky.), 197, and note; *Haese v. Heitzeg*, 159 Cal., 569; 15 R. C. L., 1035.

The rule is thus stated in Freeman on Judgments, sec. 178: "A judgment against a county, or its legal representatives, in a matter of general interest to all its citizens, is binding upon the latter though they are not parties to the suit. . . . Every taxpayer is a real, though not a nominal, party to such judgment. If, for the purpose of providing for its payment, the officers of the county levy and endeavor to collect a tax, none of the citizens can, by instituting proceedings to prevent the levy or enforcement of the tax, dispute the validity of the judgment, nor relitigate any of the questions which were or which could have been litigated in the original action against the county. If in an action against the officers of a county a tax is determined to be valid, a taxpayer of the county cannot afterwards maintain suit to enjoin the collection of such tax. An action having been brought by certain taxpayers of a town to enjoin the issue of bonds, a judgment against them was held to be conclusive upon all other taxpayers. A judgment against county commissioners, directing that a writ of mandate issue requiring them to assemble and call an election on the question of a change of the county site, is conclusive on all citizens of the county, because the commissioners are representatives of the county in the matter of their duties under the statute; and though they failed to avail themselves of any legal defense to the writ, the people of the county are concluded by the judgment." To like effect is Black on Judgments, sec. 584.

The principle stated in these sections, and fully supported by the authorities cited in the texts, is that a judgment against a governmental body, or in its favor, affecting a matter of general interest to all the

people in the territory, is binding not only on the official representatives, but on all the citizens of the territory, though not made parties plaintiff or defendant by name. In such cases the people themselves are regarded as the real parties in interest; and the matters settled therein may not again be litigated, in the absence of a showing of some special interest or private right. If this were not so, each citizen, and perhaps each citizen of each generation of citizens, would be at liberty to commence an action and to litigate the question for himself. Hence, the result might be an endless chain of suits. *Greenberg v. Chicago,* 256 Ill., 213; 49 L. R. A. (N. S.), and note; *El Reno v. Cleveland-Trinidad Paving Co.,* 25 Okla., 648; 27 L. R. A. (N. S.), 650.

*Norton, J.,* in *State v. Rainey,* 74 Mo., 235, states the rule as follows: "It was there held (speaking of *Clark v. Wolf,* 29 Iowa, 197), that a judgment against a county or its legal representatives, in a matter of general interest to all the people thereof, as one respecting the levy and collection of a tax, is binding not only on the official representatives of the county named in the proceeding as defendants, but upon all the citizens thereof though not made parties defendant by name. This, we think, is so both on principle and authority, for in suits of the character mentioned the legally constituted representatives of the county stand in the place of each citizen of the county who is liable to be called on as a taxpayer to contribute his proper proportion to liquidate the demand which a judgment may establish."

Applying the above principles to the facts in hand, we agree with the following conclusion of the trial court, as expressed in the final paragraph of the judgment: "Upon the foregoing findings of fact, the court concludes, as a question of law, that these matters and things, the subject of the present action, have been adjudicated in the former action, in which final judgment has been entered, and that, on account of the community or privity of interests existing between the plaintiff in the former action, and the plaintiffs in the present action, the said judgment in the former action is an estoppel as to the present action, the same issues being raised therein, the same rights adjudicated, and the same interests affected."

The record presents no error, and this will be certified.

Affirmed.