J. WALTER LOVELACE ET ALS. v. T. R. PRATT ET ALS., COMMISSIONERS
OF ROCKINGHAM COUNTY.

(Filed 7 May, 1924.)

1. **Counties—Schools—Taxation—Constitutional    Law — Election — Approval of Voters.**

    When necessary to maintain the six-months term of public schools required by the Constitution, Art. IX, it is within the legislative authority in establishing its State-wide system to assume an indebtedness of a school district therefor, including the cost of necessary buildings, and direct that it be provided for by the respective counties as administra-

tive units of the public-school system of the State; and it is not required, in this instance, that the question of taxation for the purpose be submitted to the voters of the territory, under the provisions of the Constitution, Art. VII, sec. 7. *Lacy v. Bank,* 183 N. C., 373, cited and applied.

**2. Same—Statutes.**

The county commissioners, under the provisions of the Consolidated Public School Law of 1923, are given authority to fund the outstanding indebtedness of a school district for the necessary maintenance of a six-months term of public schools existing prior to 1923, when in excess of ten thousand dollars, by issuing serial notes of the county or serial bonds thereof, and to levy annually a special *ad valorem* tax on all the tangible property of the county sufficient to pay the same, principal and interest as they mature, in addition to all other taxes authorized by law to be levied therein; and such indebtedness, incurred upon the order of the county commissioners, upon petition of the school district therein, upon plans for necessary buildings and their location, approved by the State Superintendent of Public Instruction, is a valid binding obligation upon the county.

CIVIL ACTION, heard on return to preliminary restraining order and demurrer to complaint, before *Bryson, J.,* at chambers in Winston-Salem, N. C., on 20 March, 1924.

The action is brought by plaintiffs, citizens and taxpayers of Rockingham County, to enjoin an intended bond issue by defendant board for the purpose of paying off or settling an indebtedness incurred by the county to the amount of $45,000 and $4,000 interest, for the construction of two schoolhouses in two of the school districts of the county, same being necessary to the proper maintenance of a six-months school term in said districts. The facts pertinent to the question sufficiently appear from an excerpt from plaintiff's complaint, as follows:

"That a duly certified copy of the above-mentioned resolution was duly filed with the board of commissioners of Rockingham County, and said board of commissioners, at a regular meeting, held on 3 December, 1923, passed the following resolution:

" 'Be it resolved by the Board of County Commissioners of Rockingham County:

" 'Section 1. That this board finds and determines that the County Board of Education of Rockingham County has certified to this board a resolution passed by said county board of education on 3 December, 1923, requesting this board to fund, under article 23, chapter 136, Public Laws 1923, certain county indebtedness, concerning which said board of education has made in said resolution the following findings and determinations:

" '(a) $49,000 of the debt of Rockingham County, being $45,000 of principal and $4,000 interest accrued to this date, making a total of $49,000, was incurred by the board of county commissioners before

1 January, 1923, for money borrowed to erect school buildings in the following districts in said county: $20,000 borrowed to erect a school building in Stoneville Consolidated School District; $25,000 borrowed to erect a school building in Wentworth Consolidated School District.

" '(b) Each of said school buildings was erected at the request of the board of education.

" '(c) The plans for said buildings and the location of the same were duly approved by the State Superintendent of Public Instruction.

" '(d) At the time of said requests and said erections no school buildings were in existence in Stoneville Consolidated District and Wentworth Consolidated District, and the erection of all of said buildings was necessary in order to provide for the six-months school term required by the Constitution.

" '(e) None of said school districts was then a special-charter district or local-tax district, and in none of them had any special tax been voted for school purposes.

" '(f) No part of the above debt was created for money borrowed from the State of North Carolina.' "

Upon these facts, admitted to be true by the demurrer, there was judgment that plaintiff was not entitled to further continuance of the restraining order, and that same is dissolved. Plaintiffs excepted and appealed.

*D. F. Mayberry for plaintiff.*
*P. W. Glidewell for defendants.*

HOKE, J. The Consolidated Public School Law (chapter 136, Laws 1923, article 23) provides, in effect, that when the outstanding indebtedness created prior to the year 1923 for the necessary expenses of conducting a six-months school in the respective counties, shall exceed the sum of $10,000, the boards of county commissioners are authorized, empowered and directed to fund the same by issuing the serial notes of the county, or serial bonds thereof, for the amount of such indebtedness, and to levy annually a special *ad valorem* tax on all the tangible property of the county sufficient to pay said obligations, principal and interest as they mature, and that such tax shall be in addition to all other taxes authorized by law to be levied in said county. And, further, that when the note or notes of a county have been issued for funds borrowed to erect school buildings at the request of the board of education, and required to provide for the necessary school buildings to maintain a six-months school, the said notes are in all respects validated and may be funded as authorized and directed by this article.

On perusal of the record, the facts bring the case clearly within these statutory provisions; and it appearing further that the indebtedness was

contracted for the erection of buildings within two regular school dis-
tricts of the county, and that they were necessary to a proper mainte-
nance of a six-months school in the same, as required by Article IX of
the Constitution, it was fully within the power of the Legislature to
assume this indebtedness and direct that it be provided for by the
respective counties as administrative units of the public-school system
of the State. *Lacy v. Bank,* 183 N. C., 373; *Jones v. Comrs.,* 137
N. C., 579.

We are cited by counsel for the plaintiff to several decisions of the
Court in which it was held that the erection of school buildings is not
a necessary municipal expense, and therefore a county cannot be brought
under this indebtedness without the approval of the electorate, as re-
quired by Article VII, section 7, of the Constitution; but without im-
pingement on those decisions or the principle they really present and
uphold, the later and authoritative cases are to the effect that they do
not apply to an indebtedness incurred by legislative authority in carry-
ing on the public-school system of the State and the necessary mainte-
nance of a six-months school term, as required by the Constitution.

In the case of *State Treasurer Lacy v. Bank, supra,* the Legislature
had provided for a building fund for educational purposes of $5,-
000,000, to be loaned to the counties of the State for the erection of
necessary and adequate school buildings, the counties to execute their
bonds to repay the State amounts advanced to them under the act. It
was urged that the act was unconstitutional in that a county indebted-
ness was thereby created without the sanction of popular vote, and in
disapproval of the position the Court said:

"Nor can the second objection of appellant be allowed to prevail, that
the statute will impose upon the counties of the State an obligation to
repay the amount of money loaned to them without a vote of the people
therein as required by Article VII, section 7, of the Constitution. It
is said by a writer of approved merit that a constitution shall be con-
strued on broad and liberal lines, and so as to give effect to the intention
of the people who adopted it. Black on Interpretations (3 ed.), pp.
75 and 76. And to that end it is held that the instrument should be
considered as a whole and construed so as to allow significance to each
and every part of it if this can be done by any fair and reasonable
intendment.

"Applying the principle, the restrictions contained in this Article
VII, section 7, which prohibits counties, cities and towns, or other
municipal corporations, from contracting debts or levying taxes except
for necessary expenses unless approved by a majority of the qualified
votes therein, must be understood to refer to debts and taxes in further-
ance of local measures, and do not extend to a State-wide measure of

the instant kind, undertaken in obedience to a separate provision of the Constitution, and in which the counties are, as stated, expressly recognized as the governmental units through which the general purpose may be made effective.

"The position is presented and clearly approved in principle in the *Collie case, supra.* There and at that time there was, in Article V, section 1, of the Constitution, a limitation on the rate of taxation for general State and county purposes which at times, and in that instance, operated to prevent the maintenance of the public schools for the constitutional term of four months (since changed to six), and the Court held that in order to harmonize the two provisions and to allow each its proper significance, the general limitation must yield so as to permit a sufficient tax levy to maintain a school for the specified school term expressly required by Article IX of the Constitution. In the various decisions of the Court in which it has held that the incurring of debts, levying of taxes by counties or other municipal corporations were not to be regarded as necessary expenses within the meaning of Article VII, section 7, of the Constitution, they were either cases of cities or towns or special districts, or the purpose was to provide means for maintaining schools longer than the constitutional term, or they were cases of some school in a special locality enacted without any reference in maintaining a State-wide school system for any specified term, and in which the constitutional requirement in question was in no way presented or considered."

We regard the principle so stated as controlling on the facts of the present record. What the Legislature may authorize it can as a rule ratify and approve, *Board of Education v. Comrs.,* 183 N. C., 300, and having taken over and used these school buildings as part of the public school system, it having been established or admitted that the same are necessary to a proper maintenance of the six months school term, it has in our opinion the power to assume and direct the payment of the indebtedness as it has done, and without the approval of the local vote.

Affirmed.