J. H. TATE, ON BEHALF OF HIMSELF AND OTHER TAXPAYERS OF McDOWELL COUNTY, v. THE BOARD OF EDUCATION OF McDOWELL COUNTY AND THE BOARD OF COMMISSIONERS OF McDOWELL COUNTY.

(Filed 10 November, 1926.)

1. Schools—Constitutional Law—Statutes.

The Legislature alone is given by our Constitution the power to provide by taxation and otherwise for a general and uniform system of public schools. Const. of N. C., Art. VII, sec. 7.

2. Same—Municipal Corporations—Cities and Towns.

Where upon petition by the school board the board of county commissioners have approved the former finding as to the necessity of additional school houses as necessary to provide for a six months term therein for public schools in certain of its districts, it is within the province of the Legislature to provide for the school buildings, and an issuance of bonds. for this purpose, without statutory authority, is invalid. Const. of N. C., Art. IX, sec. 3; Art. VII, sec. 7.

3. Same—Government—School Commissioners—Principal and Agent.

As a ministerial agent of the State, the duty of the county board of education is to maintain the six months terms of public schools required by Art. VI, sec. 7, and determine the necessity therefor, though the power of taxation to erect buildings for this purpose is within the duty of the Legislature by enacting appropriate statutes.

4. Same—Demurrer.

Where the complaint fails to show that the county commissioners, acting upon the recommendation of the school board, were with statutory power to issue bonds for the erection of additional school buildings. to carry on six months terms in certain school districts; but to the contrary, a demurrer to the complaint is good.

APPEAL by defendants from judgment of *McElroy, J.,* at Chambers, dated 15 April, 1926. From McDOWELL. Affirmed.

Action by plaintiff on behalf of himself and other taxpayers of Mc-Dowell County, to enjoin defendants, the board of education and the board of commissioners of said county, from issuing or selling bonds of said county, or from otherwise creating or attempting to create lia-

bilities against said county or its taxpayers, for the purpose of erecting schoolhouses in certain school districts in said county, pursuant to resolutions adopted by said boards, upon the allegation that said boards were without authority to adopt said resolutions and to issue or sell said bonds, or to create or attempt to create said liabilities, by virtue of said resolutions.

From judgment overruling defendants' demurrer to the complaint, and thereupon enjoining defendants in accordance with the prayer of the complaint, defendants appealed to the Supreme Court.

*Morgan & Ragland for plaintiff.*
*Hudgins, Watson & Washburn, Pless, Winborne & Pless, Attorney-General Brummitt and Assistant Attorney-General Nash for defendants.*

CONNOR, J. Prior to the commencement of this action, the board of education of McDowell County, at a regular meeting, duly adopted a resolution, relative to the needs of certain school districts in said county, with respect to schoolhouses required for the maintenance in each of said districts of a six-months school in compliance with the provisions of section 3 of Article IX of the Constitution of North Carolina. The said board caused a copy of said resolution to be certified to the board of commissioners of McDowell County. The said resolution is embodied in a resolution thereafter adopted by the said board of commissioners, a copy of which is attached to and forms a part of the complaint in this action.

In its resolution, the board of commissioners recites that it has been requested by the board of education of the county to provide funds for the erection in each of four school districts in McDowell County, of a schoolhouse in which a public school for said district shall be taught for a term of six months in every year; that said board of education has found and determined, as appears by its resolution certified to the board of commissioners, that in neither of said school districts is there a schoolhouse adequate or sufficient for the maintenance in said school district of such school; that neither the said board of education nor the said districts have funds, or means of raising funds to defray the expense of erecting schoolhouses in said districts necessary or adequate for the maintenance therein of a public school as required by the Constitution of North Carolina; that the total sum required for the erection in said school districts of schoolhouses necessary or adequate for the maintenance of such schools is $270,000.

The board of commissioners thereupon finds and determines "that the present facilities and buildings in those school districts in McDowell County, North Carolina, known as Cross Mill District, Montford Cove

Consolidated School District, Old Fort School District, and Clinch-field School District, are inadequate and insufficient for maintaining a six-months school term, and that the amounts specified in the fore-going resolution of the board of education of McDowell County required for the buildings necessary for maintaining a six-months term of school in the respective districts, is fair and reasonable."

The said board of commissioners further finds and determines "that the building for maintaining a six-months term of school in the several districts of McDowell County, North Carolina, and in those districts hereinbefore named is a public necessity which the county is required to provide under the provisions of the Constitution of North Carolina."

It is thereupon resolved by the said board of commissioners of Mc-Dowell County:

"SECTION 3. That the county board of education of McDowell County, North Carolina, be, and it is hereby authorized and empowered to pro-ceed to provide the necessary buildings in the Cross Mill District, in the Montford Cove Consolidated School District, in the Old Fort Dis-trict, and in the Clinchfield School District, for maintaining a six-months school term in accord with this resolution, within the limits of the amounts specified herein in the respective districts.

SEC. 5.   The bonds in the aggregate amount of $270,000 shall be issued, and the issuance thereof is hereby ordered under and by virtue of the power given to the county board of commissioners under and by virtue of the power and direction granted under the Constitution of North Carolina, for the purpose of providing the necessary and ade-quate buildings for maintaining of a six-months term in the several districts of McDowell County, North Carolina, especially in those sev-eral districts as follows:   In Cross Mill School District, in Montford Cove District, in Old Fort School District and in Clinchfield School District, in McDowell County, North Carolina.

SEC. 6.   That the said bonds shall be issued and executed in the name of McDowell County, and shall be signed by the chairman of the board of county commissioners, with the corporate seal of the said county affixed and attested by the clerk of the board of county commissioners, and the coupons shall be attached to the said bonds and shall bear the printed or lithographed *fac simile* of the signatures of the said chair-man and the said clerk.

SEC. 9.   That a tax sufficient to pay the interest on said bonds as same matures and to create a sinking fund with which to pay the prin-cipal of said bonds at maturity as same matures, shall be annually levied and collected."

It will be noted by reference to the resolution of the board of com-missioners, set out in the complaint, that neither the board of commis-

sioners nor the board of education, recite therein any statutory author-
ity for the issuance or sale of said bonds, or for the incurring of said
indebtedness on behalf of McDowell County, for the erection of school-
houses in the school districts of said county, found by both boards to
be necessary for the maintenance of public schools in said districts for
the term required by the Constitution. The board of commissioners,
in authorizing the board of education to cause said schoolhouses to
be erected, and in ordering the issuance of said bonds, and directing
the levying of a tax for the payment of interest and principal to be due
thereon, purport to act solely under and by virtue of provisions of the
Constitution of North Carolina. The allegation in the complaint that
the board of commissioners is without authority, by virtue of any stat-
ute enacted by the General Assembly of North Carolina, to authorize
the erection of said schoolhouse, the issuance and sale of said bonds, or
the levying of said tax as provided in its resolution, is admitted by de-
fendants in their demurrer.

It is the contention of defendants that the board of commissioners of
McDowell County has authority under the Constitution of North Caro-
lina to provide funds, by the issuance of bonds of the county, or other-
wise, for the erection of schoolhouses in the several school districts
of their county, required for the maintenance of schools therein for six
months in every year, upon their finding that such schoolhouses are
necessary for that purpose, and that no statute, enacted by the General
Assembly of the State authorizing the issuance of said bonds or the
levying of said tax is required. The absence of such statute applicable
to McDowell County is conceded. This contention involves the only
question presented by the pleadings in this case. Judge McElroy,
having heard the cause, upon defendants' demurrer, pursuant to a
stipulation signed by attorneys for both plaintiff and defendants, was
of the opinion that defendants are without power under the Constitu-
tion of North Carolina to create the indebtedness provided for in the
resolution, and that the board of commissioners of McDowell County
is without authority of law to issue said bonds or to levy said tax, as
provided in the resolution, for that it was not authorized so to do by
any statute of the General Assembly; pursuant to this opinion, it was
considered, ordered and adjudged that the demurrer be and the same
was overruled. It was further considered, ordered and adjudged that
defendants be and they were enjoined, in accordance with the prayer
of the complaint.

The only assignment of error upon the appeal to this Court is based
upon an exception to the signing of the judgment, and, therefore, pre-
sents for our decision the sole question as to whether the erection of
schoolhouses in the several school districts of the various counties of

the State, required for the maintenance in each of said districts of a school for a term of six months in every year, is primarily the duty of the county or of the State. Conceding that the erection of such schoolhouses is a necessary public expense, is it the duty, under the Constitution of North Carolina of the boards of commissioners of the several counties, or of the General Assembly, to provide by taxation and otherwise for funds required for the erection of such schoolhouses? It would seem that the power to act in the premises should be commensurate with the duty imposed. If under the Constitution it is the duty of the county to provide funds for a necessary public expense, the contention that the board of commissioners of the county has the power conferred by the Constitution to provide such funds, without further authority from the General Assembly, would seem to be entitled to serious consideration, at least.

The proposition is well established by authoritative decisions of this Court, that the erection of schoolhouses in the several school districts in each county of the State, required for the maintenance, in each of said districts, for a term of six months in every year, of one or more schools, wherein all children of the State, between the ages of six and twenty-one, residing in said district, or entitled under the law to attend schools therein, may have tuition free of charge as required by the Constitution of the State, is a necessary public expense. It has been held that the erection of school buildings is not a necessary municipal expense—that is, an expense which a county, city or town may incur, as a municipal corporation, without the approval of a majority of the qualified voters of said county, city or town. Const. of N. C., Art. VII, sec. 7. It is, however, fully within the power of the General Assembly, because of the duty imposed upon it by the Constitution to "provide by taxation and otherwise for a general and uniform system of public schools," to authorize and direct the respective counties of the State, as administrative units of the public school system, or as governmental agencies employed for that purpose by the General Assembly, to provide the money for such expense, by taxation or otherwise. *Lovelace v. Pratt,* 187 N. C., 686; *Lacy v. Bank,* 183 N. C., 373. The General Assembly may also provide funds for the erection of schoolhouses, required for the maintenance for a term of six months in every year of public schools, in the several school districts, into which the counties are divided, in accordance with the express mandate of the Constitution, by issuing and selling the bonds of the State, and directing that the proceeds of the sale of said bonds shall be loaned to the several counties of the State, upon terms prescribed by the General Assembly. Statutes enacted by the General Assembly, in the exercise of this power, have been held valid, *Lacy v. Bank, supra.*

It was said by this Court, in the opinion written by *Hoke, J.,* in *Lacy v. Bank,* that a proper consideration of Article IX of the Constitution clearly discloses, "that its provisions are mandatory, imposing on the Legislature the duty of providing by taxation and otherwise for a general and uniform system of public education, free of charge to all the children of the State from six to twenty-one years, that the school term in the various districts shall continue for at least six months in each and every year, and that the counties are recognized and designated as the governmental agencies through which the Legislature may act in the performance of their duty and in making its measures effective. In various decisions of the Court the importance and imperative nature of these constitutional provisions have been upheld and emphasized. *Board of Education v. Board of Comrs.,* 178 N. C., 305; *Board of Education v. Board of Comrs.,* 174 N. C., 469; *Collie v. Comrs.,* 145 N. C., 170."

No duty is imposed by the Constitution upon the boards of commissioners of the several counties of the State, to provide funds by taxation or otherwise for the maintenance of public schools in the districts of their counties; this duty is imposed by express language upon the General Assembly. It was clearly the purpose of the people of North Carolina when they adopted the Constitution of the State, containing Article IX, entitled "Education," that a general and uniform system of public schools should be established, to the end that all the children of the State, between the ages of six and twenty-one years, should have tuition therein, free of charge. It was made the duty of the General Assembly to provide for such a system by taxation or otherwise. The only duty imposed by the Constitution upon boards of commissioners of the several counties, with respect to this State-wide system of public schools, is to maintain a school in such district of their county for a term not less than six months in every year; to enable the board of commissioners of each county to perform this duty, it is the duty of the General Assembly to provide the money required, by taxation and otherwise. With respect to funds for said purpose, the board of commissioners has neither any duty nor any power, under the Constitution. The counties of the State, organized primarily for purposes of local government, are recognized in the Constitution as administrative units of the State-wide system of public schools, and may be used, as they have been, by the General Assembly, as agencies of the State in the performance of its duty to provide for such system. The demurrer was properly overruled, and upon the facts alleged in the complaint and admitted by the demurrer, the judgment enjoining defendants is

Affirmed.