J. E. OWENS v. WAKE COUNTY AND EDGAR D. PEEBLES ET AL., MEMBERS OF THE BOARD OF COUNTY COMMISSIONERS.

(Filed 31 January, 1928.)

**1. Statutes—Repeal and Revival—Municipal Finance Act—Schools.**

When a statute excludes a certain county from issuing bonds for public school purposes, without the approval of the voters thereof, and such statute is amended by a subsequent Legislature so as to allow this county to issue the bonds without the approval of the voters, and a general municipal finance act is passed, generally approving the authority of counties to issue such bonds without the approval of the voters, with the provision that its repealing clause should not affect any local act, but should be in addition thereto: *Held,* the authority of the particular county to issue bonds for the designated purpose, a necessary expense, without submitting the question to its voters for their approval, is valid.

**2. Counties—Governmental Agencies—Taxation—Nature and Extent of Power—Schools—Municipal Finance Act.**

The provisions of Article VII, sec. 7, requiring the approval of the voters for the issuance of bonds that are not for a necessary expense, applies to local matters relating to the affairs of the county separately considered, and not to a State-wide system of education, in which the counties are acting as governmental agencies for the carrying out of the entire scheme, made mandatory by our Constitution, Art. IX, secs. 1, 2, 3, requiring the maintenance of a six months term of public schools.

**3. Counties—Taxation—Necessary Expense—Highways.**

While the building of highways, with bridges, culverts, etc., are recognized county necessaries, a general or special statute requiring the approval of the voters in order to a valid issue of bonds for that purpose, is necessary to be observed.

APPEAL by plaintiff from *Sinclair, J.,* at Chambers, 1 November, 1927. From WAKE. Modified and affirmed.

Controversy without action upon the following facts:

1. On 9 August, 1927, the board of county commissioners of Wake County adopted a resolution or order authorizing the issuance of $400,-000 of bonds of said county for erecting and equipping schoolhouses and acquiring land therefor. On the same date the said board also adopted a resolution or order authorizing the issuance of $30,000 of bonds of said county for highway construction or reconstruction, including bridges and culverts.

Publication of the said two bond orders or resolutions has not yet been completed, as provided in section 19 of the County Finance Act. Neither of the said bond orders or resolutions has been submitted to the voters of Wake County, nor has the question of issuing any of the bonds provided for in the said bond orders or resolutions been submitted to the voters of Wake County. The defendants will proceed as promptly as possible to issue all of the bonds referred to in the said bond orders and resolutions, without submitting the said bond orders to the voters of Wake County and without submitting to the voters of Wake County the question of issuing any of the bonds referred to in said bond orders and resolutions, unless the defendants are restrained by an order of this Court, or unless a petition or petitions by voters of said county, demanding that one or both of the said bond orders be submitted to the voters, shall be made and filed in accordance with the provisions of section 21 of the County Finance Act.

2. The proceeds of said $400,000 bonds referred to in Exhibit A will be used for the erection and acquisition of schoolhouses, school sites and school equipment in Wake County, which are required for the establishment and maintenance of the State system of public schools, in accordance with the provisions of the Constitution of North Carolina.

3. On 9 March, 1925, the General Assembly of North Carolina enacted an act, known as chapter 509 of the Public-Local Laws of 1925, in words and figures as follows:

"AN ACT MAKING IT UNLAWFUL FOR WAKE COUNTY TO ISSUE BONDS
EXCEPT THOSE BONDS AUTHORIZED BY THE 1925
GENERAL ASSEMBLY.

*"The General Assembly of North Carolina do enact:*

"Section 1. That from and after the ratification of this act the board of county commissioners of Wake County shall have no authority to issue bonds or otherwise create a bonded indebtedness on behalf of said county unless said proposed issue of bonds shall have been approved by

a vote of the qualified electors of Wake County, or unless the issue of said bonds has been authorized by the one thousand nine hundred and twenty-five General Assembly.

"Sec. 2. That all laws and clauses of laws in conflict with the provisions of this act are hereby repealed.

"Sec. 3. That this act shall be in force from and after its ratification.

"Ratified this the 9th day of March, A.D. 1925."

4. On 2 March, 1927, the General Assembly of North Carolina enacted an act, known as chapter 276 of the Public-Local Laws of 1927, in words and figures as follows:

"AN ACT TO AMEND CHAPTER 120, PUBLIC LAWS, EXTRA SESSION, 1924, SO AS TO INCLUDE WAKE COUNTY.

*"The General Assembly of North Carolina do enact:*

"Section 1. That section one of chapter one hundred twenty, Public Laws, Extra Session, one thousand nine hundred twenty-four, be amended by striking out the word 'Wake' in line thirty-two between the words 'Vance' and 'Warren.'

"Sec. 2. That all laws and clauses of laws in conflict with this act are to the extent of such conflict hereby repealed.

"Sec. 3. That this act shall be in force from and after its ratification.

"Ratified this the 2d day of March, A.D. 1927."

Chapter 120 of the Public Laws of 1924, Extra Session, which was amended by said chapter 276, of the Public-Local Laws of 1927, so as to make said act of 1924, applicable to Wake County, expressly authorized certain counties, not including Wake County, to issue bonds for school buildings "without submitting the issue to a vote of the people." As originally enacted, the act of 1924 applied to only three counties. It was amended from time to time, or attempted to be amended, so as to make it applicable to twenty-five counties, but a number of the amendatory acts were not passed in the manner required by the Constitution of North Carolina, for the passage of acts authorizing counties to issue bonds. The original act of 1924, and also the act of 1927, making it applicable to Wake County, were, however, duly passed in the manner required by the Constitution for the passage of acts authorizing counties to issue bonds.

The plaintiff prayed that the defendants be restrained and enjoined from issuing the proposed bonds or any of them. It was adjudged that the defendants be not restrained or enjoined from issuing any of said bonds, and that the defendants recover their costs. The plaintiff excepted and appealed.

---

---

*Bunn & Arendell for plaintiff.*
*Leroy L. Massey for defendants.*

ADAMS, J. The two orders set forth in the statement of facts were made pursuant to certain provisions of the County Finance Act. Public Laws 1927, ch. 81. The first purports to authorize county bonds in the amount of $400,000 to be used for the purpose of building schoolhouses in the county; and the second, to authorize county bonds in the amount of $30,000 to be applied in the construction of highways, culverts, and bridges. The question of contracting these debts has never been submitted to the qualified voters of the county. Constitution, Art. VII, sec. 7.

In 1925 the General Assembly passed an act depriving the board of commissioners of Wake County of all authority to issue bonds or otherwise to create a bonded indebtedness on behalf of the county unless the debt was approved by a vote of the qualified electors of the county. Public-Local Laws 1925, ch. 509. The plaintiff contends that this act prohibited the defendants from issuing either class of the proposed bonds; the defendants contend that it was repealed by the County Finance Act. The relevant clauses of section 43 are as follows: "All acts and parts of acts, whether general, special, private or local authorizing or limiting or prohibiting the issuance of bonds or other obligations of a county or counties, are hereby repealed: . . . *Provided further,* that nothing herein contained shall have the effect of repealing any act now in force, or enacted by the General Assembly of one thousand nine hundred and twenty-seven, requiring the question of issuing bonds by any county to be submitted to a vote of the people." Public Laws 1927, ch. 81. The act of 1925 was in force when the County Finance Act was passed and was saved from repeal by the express terms of the proviso. The statement in *Hartsfield v. Craven County,* 194 N. C., 358, in regard to the effect of this repealing clause on the local act referred to therein must be considered in connection with the facts in that case. There all the bonds were to be issued for funding or refunding valid indebtedness incurred before the first day of July (Public Laws 1927, ch. 81, secs. 8(j), 9(e) 1), not for a new debt then to be contracted. Moreover, the larger part of the outstanding debt had been contracted for necessary expenses, the local act authorizing the payment of existing indebtedness incurred for such purpose (Public-Local Laws 1923, ch. 609); and the remainder of the outstanding debt had been incurred for school purposes within the principle to which we shall hereafter refer. See *Comrs. v. Assell,* 194 N. C., 412.

Although the act of 1925, *supra,* is effective, the order authorizing bonds in the sum of $400,000 for the purpose of erecting and furnish-

ing schoolhouses in Wake County is not for this reason invalid, but may be upheld. This conclusion rests upon two grounds:

1. In 1924 the General Assembly conferred upon county commissioners authority, in their discretion, without submitting the issue to a vote of the people, to borrow money for erecting or repairing buildings in which to carry on schools for a term of six months. Public Laws, Extra Session, 1924, ch. 120. Wake and several other counties were excepted. In the County Finance Act it was provided that the repealing clause should not affect any local or private act enacted at the session of 1927, but that the powers thereby conferred and the procedure therein provided should be deemed an addition to and not a substitution for those conferred by the local act. The act of 1924, *supra,* was amended at the session of 1927 by striking Wake from the counties named in the proviso, and all conflicting laws were repealed. Public-Local Laws 1927, ch. 276. If the first clause of section 43 the County Finance Act repealed the act of 1924 as to all the other counties, the authority of the commissioners of Wake was not thereby destroyed, because the Legislature, conforming to the second proviso in section 43, expressly amended the act of 1924 and continued it in force as a local act applicable to Wake County. We do not accede to the plaintiff's position that the repeal of the original act of 1924 necessarily carried with it all amendments, for the amendment of 1927 was expressly exempted from the effect of the repealing clause.

2. It may be noted that no petition for a referendum was filed under section 21 of the County Finance Act; but it is provided in section 9(e)2 that if the bonds are for a purpose other than the payment of necessary expenses, the order shall take effect when approved by the voters of the county. The plaintiff says that the erection of schoolhouses is not a necessary expense within the meaning of Art. VII, sec. 7, of the Constitution, and that the approval of the qualified voters is a condition precedent to the issuance of the bonds. *Hollowell v. Borden,* 148 N. C., 255; *Lacy v. Bank,* 183 N. C., 373.

Counties, cities, and other municipal corporations may establish or maintain schools when authorized to do so by special acts of the General Assembly; and in such cases Art. VII, sec. 7, is applicable to bonds issued and the taxes levied to pay them. It is otherwise as to the maintenance of a general and uniform system of public schools, for which the counties may issue bonds and levy taxes, not as municipal corporations organized for the purpose of local government, but as administrative agencies of the State employed to discharge a duty imposed by the Constitution. In *Lacy v. Bank, supra,* it is said: "The restrictions contained in Art. VII, sec. 7, which prohibits counties, cities, and towns, and other municipal corporations from contracting debts or levying

taxes except for necessary expenses unless approved by a majority of the qualified voters therein, must be understood to refer to debts and taxes in furtherance of local measures and do not extend to a State-wide measure of the instant kind, undertaken in obedience to a separate provision of the Constitution, and in which counties are, as stated, expressly recognized as the governmental units through which the general purpose may be made effective." Constitution, Art. IX, sec. 3; *Collie v. Comrs.,* 145 N. C., 170; *Board of Education v. Comrs.,* 150 N. C., 116; *Board of Education v. Comrs.,* 174 N. C., 469; *Board of Education v. Comrs.,* 178 N. C., 305. The subject has recently been considered and the controlling principle clearly stated in an opinion delivered by *Connor, J.,* in *Frazier v. Comrs.,* 194 N. C., 49, cited and approved in *Hall v. Comrs.,* 194 N. C., 768, and his full review of the authorities makes unnecessary any further citation. The principle, as he points out, antedates the County Finance Act; and, in accordance with this principle the definition of "necessary expenses" given in section 2, as the Court said in *Lacy v. Bank, supra,* must be understood to refer to local measures and not to those undertaken in obedience to the mandatory requirements of sections 1, 2, and 3 of Art. IX of the Constitution. It is admitted in the statement of facts that the bonds in question are required for the establishment and maintenance of the State system of public schools in accordance with the foregoing provisions.

We find no sufficient objection to the proposed bonds for the purchase of land and the erection of schoolhouses; but the act of 1925, *supra,* is a direct inhibition against issuing the bonds for road construction unless they are approved by the voters of the county. The construction of highways, culverts and bridges involves necessary expense, and ordinarily legislative permission to issue bonds for this purpose is sufficient. *Smathers v. Comrs.,* 125 N. C., 487; *Swinson v. Mt. Olive,* 147 N. C., 611. But general or special legislation which provides that a proposition to incur an indebtedness or to issue bonds for a given purpose shall be submitted to the voters, amounts in law to a statutory restriction, and such indebtedness shall not be incurred unless the measure is approved by the voters, although it is classed as a necessary expense. *Comrs. v. Webb,* 148 N. C., 120; *Hendersonville v. Jordan,* 150 N. C., 35; *Ellison v. Williamston,* 152 N. C., 147.

As to the bonds for schoolhouses the judgment is affirmed; the issuance of those proposed for road construction should have been enjoined. As thus modified the judgment is affirmed.

Modified and affirmed.