THE SCHOOL COMMITTEE OF RALEIGH TOWNSHIP, WAKE COUNTY, v. EACH AND ALL THE OWNERS OF TAXABLE PROPERTY WITHIN RALEIGH TOWNSHIP, WAKE COUNTY, NORTH CAROLINA, AND EACH AND ALL THE CITIZENS RESIDING IN RALEIGH TOWNSHIP, WAKE COUNTY, NORTH CAROLINA.

(Filed 24 February, 1932.)

Taxation A a—Whether local unit is administrative agency of State is determinative factor of its right to issue school bonds without vote.

Where the school committee of a special charter school district brings a proceeding to test the validity of certain bonds proposed to be issued without a vote of the qualified electors of the district under chapter 180, Public Laws 1931, and an agreed statement of facts is drawn up and submitted, signed by answering defendants and by defendants making a special appearance and moving to dismiss because they were not properly served with summons: *Held*, whether the plaintiff is a local municipal corporation organized expressly for the purpose of operating and maintaining schools in the district or whether it is an administrative agency of the State for the purpose of providing the constitutional six-months school, Constitution, Art. IX, is a determining factor, and where the record is silent on this point a judgment sustaining the validity of the bonds is erroneous. As to whether a judgment rendered in such proceeding would be binding on all taxpayers in the district, all the taxpayers not having agreed to the facts submitted, *quære?*

ADAMS, J., concurring in part.

CLARKSON, J., concurs with ADAMS, J.

APPEAL by defendants from *Harris, J.,* at Chambers in Raleigh, 7 January, 1932. From WAKE.

Proceedings under chapter 186, Public Laws 1931, instituted 16 November, 1931, to determine the validity of certain bonds proposed to be issued under authority of chapter 180, Public Laws 1931.

Following publication of notice, L. E. Canady and A. G. Nowell came in and filed answer, denied the validity of said proposed bonds as well as the validity of the act which purports to authorize their "validation" by a proceeding such as the present.

J. L. Emanuel and Hugh S. Lee entered a special appearance and challenged the validity of the proceeding for want of proper service, etc.

Thereafter, on 7 January, 1932, in this same proceeding, a controversy without action was submitted on an agreed statement of facts to determine the validity of the said school funding bonds proposed to be issued by "The School Committee of Raleigh Township, Wake County," without a vote of the people, and the proceeds to be used in paying tax anticipation notes, which said notes were given "for the purpose of meeting deficits in the operation of the schools of Raleigh Township, Wake County, occasioned by payment of salaries to teachers and other necessary expenses in the operation of the constitutional six-months term in said township."

The record is silent as to whether the special charter school district of Raleigh Township, Wake County, operates the schools of said district as a local municipal corporation, or as an administrative agency of the State in the discharge of the State's duty under Article IX of the Constitution.

From a judgment validating said proposed bonds and the means of payment provided therefor, the defendants appeal, assigning error.

*Caldwell & Raymond and Bunn & Arendell for plaintiff.*
*Arthur A. Aronson for answering defendants.*
*W. Y. Bickett for defendants entering special appearance.*

STACY, C. J. The exceptions which seek to call in question the validity of chapter 186, Public Laws 1931, may be put aside as academic for the original proceeding apparently was abandoned and the matter thereafter submitted in the form of a controversy without action on an agreed statement of facts to which the plaintiff, the answering defendants and those appearing specially are all signatory. And while the appropriateness of this procedure is not questioned on the present record, it may be doubted whether a judgment, rendered herein, would be binding on all the taxpayers of the district. *McKethan v. Ray,* 71 N. C., 165.

True it is said in *Hervey v. Edmunds,* 68 N. C., 243, "There can be no reason why even after issues joined, the parties may not agree upon a state of facts, and submit it to the judge for his decision." But have all the parties here agreed upon the facts? Compare *Eaton v. Graded School,* 184 N. C., 471, 114 S. E., 689. The provisions of C. S., 626 are limited in their operation. *Burton v. Realty Co.,* 188 N. C., 473, 125 S. E., 3; *Farthing v. Carrington,* 116 N. C., 315, 22 S. E., 9. Definite ruling on this point, however, is also omitted, because the agreed statement of facts would seem to be wanting in sufficiency to support the judgment.

The record is silent as to whether the plaintiff operates and maintains the schools of Raleigh Township, Wake County, as a local municipal corporation, organized expressly for that purpose, or as an administrative agency of the State, so designated by the General Assembly in the discharge of the duty imposed upon it by Article IX of the Constitution to provide and maintain, for at least six months in every year, a general and uniform system of public schools, wherein tuition shall be free of charge to all the children of the State between the ages of six and twenty-one years. *Frazier v. Commissioners,* 194 N. C., 49, 138 S. E., 433; *Lovelace v. Pratt,* 187 N. C., 686, 122 S. E., 661; *Lacy v. Bank,* 183 N. C., 373, 111 S. E., 612. This is an essential and determining factor where school bonds are to be issued by a local unit without a vote of the people. *Tate v. Board of Education,* 192 N. C., 516, 135 S. E., 336; *Stephens v. Charlotte,* 172 N. C., 564, 90 S. E., 588. Such was the subject of a specific showing in the case of *Owens v. Wake County,* 195 N. C., 132, 141 S. E., 546.

The importance of this circumstance is perhaps heightened by the existence of chapter 509, Public-Local Laws 1925, which purports to deprive the commissioners of Wake County of any authority to issue bonds of the county without a vote of the people. *Owens v. Wake County, supra.* And it was said in *Frazier v. Commissioners, supra,* that the counties of the State were, by the "County Finance Act," chapter 81, Public Laws 1927 (amended by the "Local Government Act," chapter 60, Public Laws 1931), authorized to issue bonds and notes "for the erection of school houses and for the purchase of land necessary for school purposes, and to levy taxes for the payment of the same, principal and interest, not as municipal corporations, organized primarily for purposes of local government, but as administrative agencies of the State, employed by the General Assembly to discharge the duty imposed upon it by the Constitution to provide a State system of public schools."

Error.

ADAMS, J. (concurring in part) : I concur in the opinion of the Court to the extent of saying that there is error in the judgment appealed from, but as to some of the questions therein referred to I reserve an expression of opinion until all the facts are disclosed.

CLARKSON, J., concurs with ADAMS, J.