THE SCHOOL COMMITTEE OF RALEIGH TOWNSHIP, WAKE COUNTY, v. EACH AND ALL THE OWNERS OF TAXABLE PROPERTY WITHIN RALEIGH TOWNSHIP, WAKE COUNTY, NORTH CAROLINA, AND EACH AND ALL THE CITIZENS RESIDING IN RALEIGH TOWNSHIP, WAKE COUNTY, NORTH CAROLINA.

(Filed 16 March, 1932.)

**Taxation A a—Where local school district is not administrative agency of the State it may not issue bonds without a vote.**

Whether a local school district is an administrative agency of the State for the purpose of providing the constitutional six months term of school, Art. IX, or whether it is a local municipal corporation organized for the purpose of operating and maintaining public schools within the district is a determinative factor of its right to issue bonds for school purposes without a vote of the people, and where, in an action brought by the local district to declare a proposed bond issue to be valid, it does not appear from a construction of the statutes creating it that it was an administrative agency of the State, a judgment in its favor is erroneous.

APPEAL by defendants from *Harris, J.,* at Chambers in Raleigh, 5 March, 1932. From WAKE.

Proceeding under chap. 186, Public Laws 1931, to determine the validity of certain bonds proposed to be issued under authority of chap. 180, Public Laws 1931.

From a judgment for the plaintiff, the defendants appeal.

*Caldwell & Raymond and Bunn & Arendell for plaintiff.*
*A. A. Aronson for answering defendants.*
*W. Y. Bickett for defendants appearing specially.*

STACY, C. J. This is the same case heretofore considered at the present term, *ante,* 297, opinion filed 24 February, 1932. The only difference in the record previously considered and the one now before the Court consists of an amendment to the agreed statement of facts, setting out the statutes, under which it is contended that, by proper construction, the plaintiff operates and maintains the schools of Raleigh Township, Wake County, not as a local municipal corporation, organized expressly for that purpose, but as an administrative agency of the State so designated by the General Assembly in the discharge of the State's duty under Article IX of the Constitution. We do not so interpret the statutes. Compare *Glenn v. Commissioners,* 201 N. C., 233.

Having heretofore named Wake County as its agency for certain school purposes, *Owens v. Wake County,* 195 N. C., 132, 141 S. E., 546, it is not to be presumed, in the absence of definite designation, that the General Assembly intended to name another agency within the same territory. The parties agree that "the General Assembly has not, in express terms, designated the plaintiff as said administrative agency, and, if it has been so designated, it has been impliedly done."

This renders it unnecessary to consider again the procedural questions, debated on brief, and heretofore adverted to, if not decided.

Error.