## J. L. HARTSFIELD v. CRAVEN COUNTY.

(Filed 12 October, 1927.)

**1. Taxation—Counties—Bonds—Necessary Expenses—Elections—Vote of People—Refunding Debt—Statutes.**

Under the Municipal Finance Act (ch. 81, sec. 8(j), Public Laws of 1927), a county may fund an indebtedness incurred before its ratification for necessary expenses by the issuance of its bonds in anticipation of its receipt for taxes when authorized by statute, without submitting the question to the vote of its people.

**2. Same—Municipal Finance Act—Repealing Statutes.**

The Municipal Finance Act, by express provisions, repeals a public-local law applied to a county when inconsistent with its terms.

**3. Same—Schools—Constitutional Law.**

While bonds issued by a county for the maintenance or equipment of its public school houses are not issued for a necessary expense, Const. of N. C., Art. VII, sec. 7, they are valid when issued under the power conferred by statute when necessary to maintain the six months term of school made mandatory by our Constitution, and when issued in accordance with the statute authorizing it, the bonds are a valid indebtedness of the municipality without submitting the question of their issuance to the vote of the people.

**4. Same.**

Where a county under power conferred by special statute has borrowed money from time to time for the maintenance and equipment of its public schools, its bonds to refund the indebtedness so incurred are valid if issued in conformity with the provisions of the general Municipal Finance Act, chapter 81, sec. 8(j), Public Laws of 1927.

**5. Statutes—Public Policy—Intent—Interpretation.**

As a matter of public policy the general Municipal Finance Act should be liberally construed to effectuate its intent.

APPEAL by plaintiff from *Harris, J.,* at September Term, 1927, of CRAVEN. Affirmed.

Controversy without action, involving the validity of bonds authorized by the board of commissioners of Craven County, pursuant to the provisions of the County Finance Act.

From judgment upon facts agreed, plaintiff appealed to the Supreme Court.

*Moore & Dunn for plaintiff.*
*R. E. Whitehurst for defendant.*

CONNOR, J. The board of commissioners of Craven County, having complied with all the provisions of the County Finance Act, prescribed therein as preliminary to the issuance of the same, has authorized the issuance of bonds of said county, in the sum of $660,000 for the purpose of funding certain indebtedness of said county incurred before 1 July, 1927, and evidenced by notes of the county now outstanding. Public Laws 1927, ch. 81, sec. 8(j).

The said board was proceeding to offer said bonds for sale, when objection thereto was made by the plaintiff, a resident taxpayer and freeholder of said county, upon the ground that said bonds, if issued and sold as authorized, will be invalid as obligations of Craven County, for the reason that said board of commissioners is without lawful authority to issue and sell said bonds. Upon the facts agreed, the court was of opinion that the said board of commissioners is fully authorized by law to issue and sell said bonds, for the purposes recited in the orders providing for their issuance, and that said bonds, and all of them when issued and sold pursuant to law, will be valid obligations of Craven County. From judgment in accordance with this opinion plaintiff appealed to this Court.

The issuance of said bonds, in the aggregate sum of $660,000, was authorized by said board of commissioners, by two orders unanimously adopted at its meeting on 15 August, 1927, one of said orders providing for the issuance of bonds in the sum of $520,000, and the other for bonds in the sum of $140,000.

It is agreed "that Craven County has expended for legitimate governmental purposes the amount set out in the bond order authorizing the issuance of $520,000 bonds of the county of Craven for road, bridge and other purposes, and has received value for said amount, and there are now outstanding notes of said county, evidencing the amount so due, and the same are held by purchasers for value, said notes being issued for such necessary purposes in anticipation of the collection of taxes."

It is further agreed "that Craven County has expended the amount of $140,000 set out in the order authorizing the issuance of $140,000 bonds for the maintenance of six months school term, construction of school buildings and other purposes, said amount being approximately divided among such purposes as follows: $100,000 of said amount

being expended for the construction and equipment of school buildings, after plans for such construction have been approved by the State Superintendent of Public Instruction, and that the remainder of said amount, to wit, $40,000 has been expended in the maintenance of the constitutional six months school term, and all of said debt existed prior to 7 March, 1927, and all of said notes were issued in anticipation of the collection of taxes."

It is provided in both said orders, authorizing the issuance of bonds in the aggregate sum of $660,000, that the proceeds of the same shall be applied solely to the funding of valid indebtedness of the county of Craven, incurred prior to 7 March, 1927, evidenced by notes of said county now outstanding, $520,000 of said indebtedness having been incurred for the construction and improvement of roads and bridges and other necessary county expenses, and $140,000 for the construction and improvement of school houses, and the maintenance of schools in Craven County for a term in each year of not less than six months.

It is further provided in said orders that each "shall take effect upon its passage and shall not be submitted to the voters of said county."

Plaintiff challenges the validity of all of said bonds upon the ground that they have not been approved by the vote of a majority of the qualified voters of Craven County; he contends that for this reason, by the express provisions of chapter 609, Public-Local Laws 1923, all of said bonds are invalid as obligations of Craven County. He contends, further, that if it shall be held that the provisions of said statute do not apply to the bonds in the sum of $520,000, for funding valid indebtedness of the county, incurred for necessary county expenses, they do apply to the bonds in the sum of $140,000 for funding indebtedness incurred for school purposes. This latter contention is upon the ground that such indebtedness was not for a necessary county expense and was incurred without express statutory authority.

Chapter 609, Public-Local Laws 1923, is entitled. "An Act Prohibiting the County Board of Education, or the Board of Commissioners for the County of Craven, or Board of Aldermen of the City of New Bern, said County, Pledging the Credit of said County or City, or Issuing Bonds of said County or City without first Submitting the Question to the Qualified Voters Thereof." The provisions of this statute, insofar as they would otherwise apply to the bonds which are the subject-matter of this controversy, are repealed by section 43 of chapter 81, Public Laws 1927 (The County Finance Act). It is therein provided, "that all acts and parts of acts, whether general, special, private or local, authorizing or limiting or prohibiting the issuance of bonds or other obligations of a county or counties are hereby repealed."

HARTSFIELD *v.* CRAVEN COUNTY.

It may be doubted whether the provisions of said act relative to the submission of the question as to the issuance of bonds by the board of commissioners to the voters of the county, even if same had not been repealed, apply to the bonds in the sum of $520,000, authorized for funding indebtedness incurred for necessary county expenses. The last proviso in section one of said act is as follows: *"Provided further,* that nothing herein shall restrict or abrogate the right of the board of commissioners to contract or pay any indebtedness for necessary expenses, as provided by the general law." The County Finance Act expressly provides that bonds may be issued by any county for funding or refunding valid indebtedness of the county, incurred before 1 July, 1927, and that all indebtedness of the county, not evidenced by bonds, which was created for necessary expenses and which remains outstanding on 7 March, 1927, the date of its ratification, "is hereby validated." Chapter 81, sec. 8(j), Public Laws 1927. Orders authorizing the issuance of bonds for funding or refunding indebtedness, valid when incurred, or validated by the County Finance Act, need not be submitted to the voters of the county. Such orders are effective from the date of their adoption. Section 9(e).

The contention of plaintiff, certainly with respect to the bonds in the sum of $520,000, which the board of commissioners of Craven County has authorized, cannot be sustained. These bonds are valid, notwithstanding they have not been approved at an election held pursuant to the provisions of chapter 609, Public-Local Laws 1923, by a majority of the qualified voters of Craven County. The proceeds of the bonds will be applied solely to the funding of a valid indebtedness of said county. The total amount of such indebtedness will not be increased by the issuance of the bonds.

Plaintiff, however, earnestly contends that the expenditure by Craven County of the sum of $100,000 for the construction and equipment of school buildings, and of the sum of $40,000 for the maintenance of schools in said county, for a term of at least six months in each year, were not for necessary county expenses and were not authorized by statute; that, therefore, such expenditure, in the aggregate sum of $140,000, does not constitute a valid indebtedness of Craven County.

It must be conceded that the expenditure of $140,000, made by Craven County for the support and maintenance of public schools was not for a necessary county purpose, within the meaning of section 7, of Article VII of the Constitution. It was made, however, by Craven County in order to maintain in the several school districts in said county schools which were included within the uniform system of State schools, which the General Assembly is required by the Constitution to

provide. *Frazier v. Comrs. of Guilford, ante,* 49. Such expenditure was not lawful, however, unless authorized by statute. *Tate v. Board of Education,* 192 N. C., 516. It does not constitute a valid indebtedness of Craven County, which may be funded by the issuance of bonds, under the County Finance Act, unless it was made by statutory authority.

Expenditures, now aggregating the sum of $140,000, have been made by Craven County, from year to year, for the purpose of maintaining and operating in said county public schools for a term in each year of not less than six months. These expenditures have been paid out of money borrowed from time to time by the board of commissioners of said county in anticipation of the collection of taxes, levied each year by the said board pursuant to statutes duly enacted by the General Assembly. Express authority was conferred by statutes upon the board of commissioners to borrow this money. It was contemplated that the money borrowed would be paid out of the taxes when collected. Deficits have, however, occurred from year to year, until now the total sum borrowed and not repaid is $140,000. The county's indebtedness in this sum is valid, because authorized by the General Assembly, and under the provisions of the County Finance Act may be funded by the issuance of bonds, without a submission of the question as to whether said bonds shall be issued to the voters of the county.

While the expense of maintaining schools included within the uniform system wherein tuition shall be free of charge to all the children of the State between the ages of six and twenty-one, in a county, is not a necessary county expense, when the General Assembly has authorized and required a county as an administrative unit (see *Frazier v. Comrs., supra),* to incur indebtedness for that purpose, such indebtedness is a valid county indebtedness within the meaning of the County Finance Act. Bonds may be issued by a county under the provisions of the County Finance Act to fund such indebtedness.

Plaintiffs' contention that the bonds authorized by the board of commissioners of Craven County in the sum of $140,000 are invalid, for that such bonds have not been approved at an election by the majority of the qualified voters of the county is not sustained. These bonds when issued and sold pursuant to law will be valid obligations of Craven County. The total indebtedness of Craven County will not be increased thereby.

The purpose of the General Assembly in enacting the County Finance Act, as disclosed by a reading of all its provisions, is manifest. It was to enable the several counties of the State not only to provide for their future needs by issuing bonds for purposes specified therein, but also

to fund their valid indebtedness heretofore incurred in good faith, by issuing bonds and thus relieve the taxpayers of burdensome annual taxation. The act should be so construed as to effectuate this purpose. A sound public policy forbids a narrow construction which would defeat the purpose of the General Assembly. By the terms of said act the counties have the power, when they comply with its provisions, to issue bonds to fund or refund valid indebtedness for money borrowed in good faith and expended for the public benefit, under authority of the General Assembly. The judgment is

Affirmed.