W. I. HALL ET AL. v. COMMISSIONERS OF DUPLIN COUNTY ET AL.

(Filed 21 December, 1927.)

**1. Schools—Taxation—Bonds—Elections—Statutes — Constitutional Law —County Finance Act.**

When required for the establishment or maintenance of a six-months term of the State system of public schools, in accordance with the provisions of the State Constitution, it is not necessary that the question of issuing bonds by a county therefor be first submitted to the voters for the validity of the bonds, under the provisions of the County Finance Act. Const., Art. VII, sec. 7.

.2. Same — Government — Principal and Agent — Appeal and Error — Material Facts—Remand.

> Where a county proposes to issue bonds for the erection and maintenance of its public schools under the provisions of the County Finance Act, without submitting the question to its voters, it must be shown that the county was acting as the administrative agent of the State in providing a State system of public schools, and that the erection and purchase of the schoolhouses contemplated is necessary for a six-months school term in the county, and where on appeal the record does not disclose such findings, the case will be remanded.

CIVIL ACTION, before *Cranmer, J.*, at October Term, 1927, of DUPLIN.

On 18 July, 1927, the board of commissioners of Duplin County passed the following resolution:

"1. That bonds of Duplin County shall be issued for the purpose of the erection or purchase of schoolhouses in the maximum aggregate principal amount of $140,000.00.

"2. That a tax sufficient to pay the principal and interest of the bonds when due shall be annually levied and collected.

"3. That a statement of the county debt has been filed with the clerk and is open to public inspection.

"4. That this order shall take effect thirty days after the first publication thereof after final passage, unless in the meantime a petition for its submission to the voters is filed under the County Finance Act, and in such event it shall take effect when approved by the voters of the county at an election as provided in the said act.

"The foregoing order has been introduced and a sworn statement has been filed under the County Finance Act showing the assessed valuation of the county to be $25,481,292.00, and the net debt for school purposes, including the proposed bonds, to be $374,595.87. A tax will be levied for the payment of the proposed bonds and interest, if the same shall be issued. Any citizen or taxpayer may protest against the issuance of such bonds at a meeting of the board of commissioners to be held at ten o'clock, a. m., 18 July, 1927, or an adjournment thereof."

On said date protests were made by certain citizens and taxpayers of the county, which protests were overruled by the board of commissioners and the foregoing resolution was first published on 21 July, 1927. The publication of the resolution provided: "Any action or proceeding questioning the validity of said order must be commenced within thirty days after its first publication." Thereafter, on 19 August, 1927, a petition purporting to be signed by 900 citizens and voters of Duplin County was submitted to the board, requesting that said resolution be submitted to the qualified voters of Duplin County as required by section 21, chapter 81, Public Laws 1927, same being known as the County Finance

Act. Thereupon, on 14 September, 1927, the board of commissioners, after examining said petition and finding that said petition was insufficient and did not contain fifteen per cent of the total number of votes cast at the last preceding election for the office of governor, dismissed the petition.

The cause came on for hearing before E. H. Cranmer, judge presiding, on 13 October, 1927, and the following judgment was rendered:

"This cause coming on to be heard and being heard before the undersigned at the courthouse in Jacksonville, North Carolina, on 13 October, 1927, upon a notice issued to the defendants to show cause why a restraining order should not be issued against them restraining them from issuing and selling the bonds described in the complaint, the plaintiffs being represented by O. B. Turner and H. E. Faison, and the defendants being represented by Gavin and Boney, and L. A. Beasley, after the complaint and answer was read and the argument of counsel:

It is thereupon considered and adjudged that the plaintiffs are not entitled to the restraining order asked for, and that the motion for said restraining order is denied.

It is further considered and adjudged upon the pleadings that the plaintiffs are not entitled to recover and that the action is dismissed at the costs of the plaintiffs to be taxed by the clerk."

*Oscar B. Turner for plaintiffs.*
*G. E. Boney, L. A. Beasley and H. L. Stevens for defendant.*

BROGDEN, J. The main question presented by the appeal is whether or not Duplin County has authority under the law to issue bonds for the "erection and purchase of schoolhouses" as specified by chapter 81, Public Laws 1927, sec. 8, subsec. (a). The identical question was considered by this Court in *Frazier v. Comrs., ante,* p. 49. *Justice Connor,* writing for the Court, declares the law thus: "The counties of the State are authorized by this statute to issue bonds and notes for the erection of schoolhouses and for the purchase of land necessary for school purposes, and to levy taxes for the payment of the same, principal and interest, not as municipal corporations, organized primarily for purposes of local government, but as administrative agencies of the State, employed by the General Assembly to discharge the duty imposed upon it by the Constitution to provide a State system of public schools. The limitations of Article VII, sec. 7, are not applicable to bonds or notes issued by a county, as an administrative agency of the State, under authority conferred by the County Finance Act, for the purpose of erecting schoolhouses, and equipping same, or purchasing land neces-

sary for school purposes. We therefore hold that the board of commissioners of any county in the State, upon compliance with the provisions of the County Finance Act, has authority and is empowered to issue bonds or notes of the county for the purpose of erecting and equipping schoolhouses, and purchasing land necessary for school purposes, and to levy taxes for the payment of said bonds or notes, with interest on the same, without submitting the question as to whether said bonds or notes shall be issued or said taxes levied, in the first instance, to the voters of the county, where such schoolhouses are required for the establishment or maintenance of the State system of public schools in accordance with the provisions of the Constitution."

There is no finding of fact as to whether or not in issuing said bonds Duplin County was acting as an administrative agent of the State in providing a State system of public schools, or as to whether the "erection and purchase of schoolhouses" is necessary to provide a six months school term in said county. Under the decisions of this Court, applicable to the question in controversy, these facts are essential to the validity of bonds issued for such school purposes without the approval of the voters. The trial judge made no findings of fact and an inspection of the record does not disclose the necessary and essential facts, and for this reason the cause is remanded to the Superior Court of Duplin County for further proceedings in accordance with this opinion.

Remanded.