## W. I. HALL v. COMMISSIONERS OF DUPLIN.

(Filed 28 March, 1928.)

**Taxation—Constitutional Requirements and Restrictions—Right of Counties to Issue Bonds Without Approval of Voters—Requisites Therefor.**

In order to a valid issue of bonds by a county, under the County Finance Act of 1927, to purchase schoolhouses to comply with the mandate of our Constitution for a six months term of public schools, as a necessary county expense, without submitting the question to the vote of

the people of the county, it is required that the resolution passed by the board of county commissioners so declare the fact to be, and the courts are without authority to supply the deficiency in the order. Const., Art. VII, sec. 7; Art. IX, sec. 3.

CIVIL ACTION, before *Harris, J.,* at.January Term, 1928, of DUPLIN.

*Oscar B. Turner, H. E. Faison and Manning & Manning for plaintiff. Gavin & Boney and L. A. Beasley for defendant.*

BROGDEN, J. This cause was considered by the Court upon a former appeal and is reported in 194 N. C., 768. The Court remanded the case to the Superior Court of Duplin County "for further proceedings" for the reason that the essential facts necessary to support the validity of the bonds did not appear either in the judgment or upon the record presented to the Court. Thereafter, on 10 January, 1928, an affidavit was filed by the members of the board of education and the county superintendent to the effect that on 9 May, 1927, the board of education requested the board of commissioners of Duplin County to issue bonds for the purpose of erection or purchase of schoolhouses in the maximum aggregate principal amount of $140,000, said bonds to be issued by said Duplin County as an administrative agent of the State of North Carolina pursuant to and under the authority of chapter 81 of Public Laws of 1927, known as the County Finance Act, the said erection and purchase of schoolhouses in Duplin County being necessary to provide a six months term in said county under the public school law and Constitution of North Carolina. The affidavit of A. T. Allen, State Superintendent of Public Instruction, was also filed, certifying that said school buildings are required "for the establishment or maintenance of the State system of public schools in accordance with the provisions of the Constitution." Thereupon a judgment was entered in part as follows: "The court doth find from the pleadings and affidavit filed the following facts: That on 9 May, 1927, the board of education of Duplin County requested the board of commissioners of Duplin County, the defendants in the above-entitled action, to issue bonds of Duplin County in the maximum aggregate principal amount of $140,000 for the erection or purchase of schoolhouses in said county, said bonds to be issued by Duplin County as an administrative agent of the State of North Carolina, and pursuant to and under the authority of chapter 81, Public Laws 1927, known as the County Finance Act. . . . That the erection or purchase of said schoolhouses, as above proposed, is necessary to provide a six months school term in Duplin County as provided by the Public Laws and Constitution of the State and in compliance with said law and the Constitution. It is thereupon considered and

adjudged . . . that the said bond order passed by the board of commissioners of Duplin County on 18 July, 1927, . . . providing for the issuing of the sum of $140,000 bonds for the purpose of erection of schoolhouses be, and the same is hereby declared legal and valid in all respects."

From the foregoing judgment plaintiffs appealed.

The plaintiffs contend that the court had no power to find as a fact that the issue of said bonds was necessary for the purpose "of erection or purchase of schoolhouses required for the establishment or maintenance of a six months school term in accordance with the provisions of the Constitution." This contention is based upon the theory that the bond resolution passed by the board of county commissioners did not declare such purpose, and if the court be permitted to find such fact, when the bond resolution is silent with respect thereto, such action will in effect permit the court to pass a bond ordinance or to amend one already passed by the commissioners.

The bond ordinance passed by the board of county commissioners is set out in the record. Section 1, thereof, is as follows: "That the bonds of Duplin County shall be issued for the purpose of the erection or purchase of schoolhouses in the maximum aggregate principal amount of $140,000." The resolution contains no statement that such schoolhouses are required for the establishment or maintenance of a State system of public schools in accordance with the provisions of the Constitution. The resolution therefore is not sufficient to support the findings of the trial judge or warrant the judgment. Section 9, chapter 81, Public Laws of 1927, provides that bonds of a county shall be authorized by an order of the governing body, which order shall state (subsection a) "in brief and general terms, the purpose for which the bonds are to be issued, etc." The decisions of this Court are to the effect that bonds and notes may be issued for erecting and equipping schoolhouses and purchasing lands necessary for school purposes without submitting the question to popular vote "where such schoolhouses are required for the establishment or maintenance of the State system of public schools in accordance with the provisions of the Constitution." The power is not given the county to issue bonds for the erection and purchase of schoolhouses without a popular vote except where such schoolhouses and necessary land therefor are required for the establishment and maintenance of a six months school term as provided by the Constitution. *Lovelace v. Pratt,* 187 N. C., 686; *Frazier v. Commissioners,* 194 N. C., 49; *Owens v. Wake County, ante,* 132. The purpose for which the bonds are issued must be stated and set forth in the bond resolution itself. Hence we feel compelled to remand this case. If the only bond resolution duly passed by the county commissioners is the one appearing in the record in this

24—195

case, then the county commissioners must adopt a resolution setting forth therein in accordance with the decisions of this Court, the purpose of said bonds in order that it may appear from the resolution itself that the bonds are issued for the purpose of the erection and purchase of schoolhouses, which are necessary for the establishment and maintenance of a State system of public schools in accordance with the provision of the Constitution.

Remanded.