C. H. JULIAN v. W. L. WARD, H. S. RAGAN, L. E. ROCKETT, M. L. WOOD, AND A. S. HINSHAW, BOARD OF COUNTY COMMISSIONERS OF RANDOLPH COUNTY.

(Filed 19 March, 1930.)

Taxation A a—In this case held: local statute requiring submission of bonds to voters does not apply to bonds for necessary school term.

Where the board of county commissioners of a county, acting as an administrative agency for the State, order, in accordance with statutory procedure, the issuance of bonds to provide funds for the purchase of sites for, and the erection of, schoolhouses necessary to carry out the constitutional mandate for a six months term of public school for children between the ages of six and twenty-one years, Const., Art. IX, it is not required that the question of the issuance of such bonds be submitted to the vote of the electorate, and a public-local act, forbidding the commissioners of the county to issue bonds without first submitting the matter to a vote of the people, does not apply to such bonds, but only to local matters.

APPEAL by plaintiff from Shaw, J., at January Term, 1930, of RANDOLPH. Affirmed.

This is an action for injunctive relief. The court below made the following order, or judgment:

"This cause coming on to be heard by his Honor, Thomas J. Shaw, Superior Court judge, holding court in the Fifteenth Judicial District, in Chambers, at Troy, North Carolina, and it appearing to the court that, Hon. P. A. McElroy, Superior Court judge, on 8 January, 1930, issued an order restraining the defendants from issuing bonds by authority of a certain bond order mentioned and set out in the complaint filed in this cause; and, that in said order, the defendants are required to appear before the undersigned, at Troy, North Carolina, to show cause, if any they have, why said restraining order should not be made permanent; and, it further appearing to the court that, said hearing was, by consent of counsel for plaintiff and defendants, continued from 22 January, 1930, until 23 January, 1930.

"After reading the pleadings, including the complaint and answer, both of which are taken and considered as affidavits, and, after hearing the arguments of counsel for both plaintiff and defendants, the court finds, as a fact, that, on 1 July, 1929, the defendants passed a bond order for the issuance of $100,000 of Randolph County bonds, the proceeds of said bond issue to be used for the purchase of school sites, and the erection of school buildings on said sites, said sites being located at Franklinville, N. C., Cedar Falls, N. C., and Archdale, N. C., all of said towns being located in Randolph County, North Carolina.

"The court further finds, as a fact that, said bond order was passed on its final passage, on 18 July, 1929, and that a notice thereof was duly published, as is by law provided, and that the same was accompanied by a financial statement of said county, which shows the assessed property valuation thereof to be $27,364,013, and the school debt of said county to be $324,225, and the percentage that said net school debt bears to the said assessed valuation to be .01184.

"The court further finds, as a fact, that the issuance of the said bonds and the expenditure of the money to be derived from the sale thereof is a necessary expense; that it is necessary to issue said bonds, and to use the funds to be derived from the sale thereof, in order for the public schools of North Carolina to be maintained as is required by the Constitution of said State.

"The court further finds, as a fact that, in the issuance of said bonds, the above named defendants are acting as administrative agencies of the State, and are employed by the General Assembly to discharge the duties, imposed upon them by the Constitution, to provide a State system of public schools, according to the provisions of said Constitution; that since they are acting as such State agencies, it is not necessary for the question of the issuance of said bonds to be submitted to a vote of the qualified voters of the county of Randolph.

"It is, therefore, in accordance with the above named findings, ordered and adjudged that the restraining order heretofore issued by his Honor, P. A. McElroy, be and the same is hereby dissolved."

The plaintiff excepted and assigned error to the above order, or judgment, and appealed to the Supreme Court.

*Moser & Burns for plaintiff.*
*A. I. Ferree and C. N. Cox for defendants.*

CLARKSON, J.  The question involved: Does a public-local statute, forbidding "the board of county commissioners for the county of Randolph" to issue bonds without first submitting the matter to a vote of the people of said county, prevent said commissioners, acting as an ad-

16—198

ministrative agency of the State, from issuing bonds for the purpose of purchasing land, building the necessary schoolhouses and operating the schools in said county as required by the Constitution without submitting the matter to a vote of the people? We think not. The board of commissioners for the county of Randolph, acting as an administrative agency of the State, can issue the bonds without a vote of the people as the Public-Local Statute applies only to local matters.

Under Article IX, "Education," in the Constitution of North Carolina, we find the following sections:

. "SECTION 1. Religion, morality and knowledge being necessary to good government and the happiness of mankind, schools and the means of education shall forever be encouraged.

SEC. 2. The General Assembly, at its first session under this Constitution, shall provide by taxation and otherwise for a general and uniform system of public schools, wherein tuition shall be free of charge to all the children of the State between the ages of six and twenty-one years. And the children of the white race and the children of the colored race shall be taught in separate public schools; but there shall be no discrimination in favor of, or to the prejudice of, either race.

SEC. 3. Each county of the State shall be divided into a convenient number of districts, in which one or more public schools shall be maintained at least six months in every year, and if the commissioners of any county shall fail to comply with the aforesaid requirements of this section, they shall be liable to indictment."

Under these and other pertinent sections of the Constitution, it has been held in this jurisdiction that these provisions are mandatory. It is the duty of the State to provide a general and uniform State system of public schools of at least six months in every year wherein tuition shall be free of charge to all the children of the State between the ages of six and twenty-one. It is a necessary expense and a vote of the people is not required to make effective these and other constitutional provisions in relation to the public school system of the State. Under the mandatory provision in relation to the public school system of the State, the financing of the public school system of the State is in the discretion of the General Assembly by appropriate legislation either by State appropriation or through the county acting as an administrative agency of the State. *Lacy v. Bank,* 183 N. C., 373; *Lovelace v. Pratt,* 187 N. C., 686; *Frazier v. Commissioners,* 194 N. C., 49; *Hall v. Commissioners of Duplin,* 194 N. C., 768.

In the present action, in reference to Randolph County, the order, or judgment, in the court below, recites: "The court further finds, as a fact that, in the issuance of said bonds the above named defendants are acting as administrative agencies of the State, and are employed by the

General Assembly to discharge the duties, imposed upon them by the Constitution, to provide a State system of public schools, according to the provisions of said Constitution."

We think that this Public-Local Act must be construed as subordinate to the provisions of the Constitution, in reference to the public school system. See *Hartsfield v. Craven County,* 194 N. C., 358; *Owens v. Wake County,* 195 N. C., 132.

In *Hall v. Commissioners of Duplin County,* 195 N. C., at p. 369, is the following: "The decisions of this Court are to the effect that bonds and notes to be issued for erecting and equipping schoolhouses and purchasing lands necessary for school purposes without submitting the question to popular vote 'where such schoolhouses are required for the establishment or maintenance of the State system of public schools in accordance with the provisions of the Constitution.' The power is not given the county to issue bonds for the erection and purchase of schoolhouses without a popular vote, except where such schoolhouses and necessary land therefor are required for the establishment and maintenance of a six months school term as provided by the Constitution. *Lovelace v. Pratt,* 187 N. C., 686; *Frazier v. Commissioners,* 194 N. C., 49; *Owens v. Wake County, ante,* 132. The purpose for which the bonds are issued must be stated and set forth in the bond resolution itself."

It appears from the record and order or judgment in the court below that the law in the above particulars has been substantially complied with. The judgment below is

Affirmed.