C. J. HEMRIC, SANT MAUDLIN, W. L. MACKIE, AND EVERETT HUNT, v. BOARD OF COMMISSIONERS OF YADKIN COUNTY.

(Filed 11 July, 1934.)

**Taxation A a: Counties E b—Vote is necessary to issuance of bonds for necessary expense where proper petition therefor is aptly filed.**

It is required by the County Finance Act that the question of the issuance of bonds for the purchase, construction, improvement and equipment of schools necessary for the maintenance of public schools in the county for the constitutional term, be submitted to the voters where a petition therefor signed by more than fifteen per cent of the voters of the county has been aptly filed, although in the absence of such petition, filed within the time prescribed by statute, a vote would not be necessary to the validity of such bonds, the bonds being for a necessary county expense.

APPEAL by defendant from *Finley, J.*, at Chambers, in North Wilkesboro, N. C., on 10 February, 1934. From YADKIN. Affirmed.

This is an action to compel the defendant, by a writ of *mandamus*, in accordance with the prayer of a petition filed with the defendant by voters of Yadkin County on 1 January, 1934, to submit to the

voters of said county, for their approval or disapproval, an order passed by the defendant on 20 December, 1933, authorizing and directing the issuance of bonds of Yadkin County, in the aggregate amount of $140,000 for the purpose of raising money to be expended in the purchase, construction, improvement, and equipment of schoolhouses in said county, and in the meantime to restrain the defendant from issuing the said bonds under and pursuant to said order.

The plaintiffs are citizens, residents and voters of Yadkin County, and instituted this action on behalf of themselves and all other citizens, residents and voters of said county, similarly situated.

On 20 December, 1933, the defendant, board of commissioners of Yadkin County, at the request of the board of education of said county, passed an order authorizing and directing the issuance of bonds of said county in the aggregate sum of $140,000, for the purpose of raising money to be expended in the purchase, construction, improvement and equipment of schoolhouses in said county. The order was passed by the defendant under and subject to the provisions of the County Finance Act, and was in all respects in full compliance with the provisions of said act. The defendant found as a fact that the purchase, construction, improvement and equipment of said schoolhouses was a necessary expense for the maintenance of public schools in the several school districts of said county, for a term of at least six months, each year, as required by the Constitution of North Carolina. The first publication of said order as required by the County Finance Act was on 28 December, 1933. This action was begun by summons dated 26 January, 1934.

On 1 January, 1934, a petition signed by more than 15 per cent of the voters of Yadkin County who voted in the last preceding election held in said county for the election of a Governor of this State, was filed with the defendant, praying that the bond order passed by the defendant on 20 December, 1933, be submitted to the voters of Yadkin County, for their approval or disapproval, at an election to be held in said county, in accordance with the provisions of the County Finance Act.

The defendant being advised that the petitioners were not entitled to the relief prayed for in their petition, for the reason that the bonds authorized and directed to be issued by said order were for a necessary expense, and therefore not subject to the approval of the voters of Yadkin County for their validity, denied the petition.

At the hearing of the action, the court found the facts to be as above stated, and being of opinion that on these facts the plaintiffs are entitled to the relief prayed in this action, rendered judgment accordingly.

The defendant excepted to the judgment and appealed to the Supreme Court.

*A. T. Grant and D. L. Kelly for plaintiffs.*
*Attorney-General Brummitt and Assistant Attorney-General Seawell and Avalon E. Hall for defendant.*

CONNOR, J. The only question presented by this appeal is whether a bond order passed by the board of commissioners of a county in this State, under the authority and subject to the provisions of the County Finance Act (Public Laws of North Carolina, 1927, chap. 81, North Carolina Code of 1931, chap. 24, Art. 7A) authorizing and directing the issuance of bonds of the county for the purpose of procuring money to be expended in the purchase, construction, improvement and equipment of schoolhouses in the several school districts of the county, which are necessary for the maintenance of public schools in said districts, for a term of at least six months, each year, as required by the Constitution of this State, is subject to the approval of the voters of the county, when a petition signed by the requisite number of voters of said county has been filed with the said board of commissioners, in accordance with the provisions of said act.

This question must be answered in the affirmative, and for that reason the judgment in the instant case is affirmed. See *Frazier v. Commissioners,* 194 N. C., 49, 138 S. E., 433.

Where no petition has been filed within the time prescribed by the act, praying that a bond order duly passed by the board of commissioners of a county, be submitted to the voters of the county, in accordance with the provisions of the act, the bond order is valid and effective, without the approval of the voters of the county. *Julian v. Ward,* 198 N. C., 480, 152 S. E., 401, *Hall v. Commissioners,* 195 N. C., 367, 142 S. E., 315, and 194 N. C., 768, 140 S. E., 139, and *Frazier v. Commissioners, supra.*

Where, however, a petition is filed in accordance with the provisions of the County Finance Act, praying that a bond order duly passed by the board of commissioners of a county in this State, authorizing and directing the issuance of bonds of the county for the purpose of procuring money for the purchase, construction, improvement or equipment of schoolhouses required for the maintenance of a school in each of the districts of the county as required by the Constitution of the State, be submitted to the voters of the county, such bond order is not valid or effective, until the same has been approved by the voters of the county as provided in the act. It is so provided in the County Finance Act, as we construe its terms and provisions. There is no error in the judgment. It is

Affirmed.