J. C. MORROW, JR., v. T. L. DURHAM, W. G. JUSTICE, AND J. A. RUSHER, MEMBERS OF AND COMPOSING THE BOARD OF COUNTY COMMISSIONERS OF HENDERSON COUNTY.

(Filed 14 October, 1936.)

Taxation A a—Expense required to effect purpose constituting necessary governmental expense is also a necessary governmental expense.

Defendant county authorized a private corporation for a stipulated amount to prepare and submit to its bondholders a plan for the refunding of its bonded indebtedness, which was in default. A plan was prepared and submitted to the bondholders, and approved by the Local Government Commission, whereby the interest rates on defendant county's bonds would be greatly reduced, and the county proposed to issue refunding bonds in accordance with the plan, and also bonds to pay the private corporation in cash for its services. *Held:* The Board of County Commissioners has the power to authorize and sell the refunding bonds under the provisions of the County Finance Act, and the reasonable and necessary expenses incurred in good faith to effect this governmental purpose is a necessary expense of the county, and bonds therefor may be issued without submitting the question to the qualified voters of the county. Art. VII, sec. 7. N. C. Code, 1334 (8) (j).

APPEAL by plaintiff from *Sink, J.,* at Chambers in the town of Hendersonville, N. C., on 29 July, 1936. Affirmed.

This is a controversy without action, which was submitted to the court upon a statement of facts agreed. C. S., 626.

The controversy involves the validity of bonds which the defendants have duly authorized, and, unless enjoined by the court, will issue and sell to raise money, in part, for the payment of the indebtedness of Henderson County, which was incurred for services rendered and expenses incurred in the preparation and submission to the bondholders of Henderson County of a plan for the refunding of the bonded indebtedness of said county.

On the facts agreed, the plaintiff, a resident and taxpayer of Henderson County, contends that the indebtedness incurred by the defendants, as the Board of County Commissioners of Henderson County, for the preparation and submission to bondholders of said county of a plan for the refunding of the bonded indebtedness of said county, is not a valid indebtedness of said county, for the reason that said indebtedness was not incurred for a necessary expense of the county and has not been approved by a majority of the qualified voters of Henderson County; the defendants, on the contrary, contend that said indebtedness was incurred for a necessary expense of Henderson County, and for that reason, although not approved by a majority of the qualified voters of the county, is a valid indebtedness of Henderson County, for the payment of which bonds, duly authorized by the defendants, may be lawfully issued and sold.

The court was of opinion that the indebtedness incurred by the defendants as the Board of County Commissioners of Henderson County, for services rendered and expenses incurred in the preparation and submission to bondholders of the county of a plan for the refunding of the indebtedness of the county, was a necessary expense, and is a valid indebtedness of Henderson County, although said indebtedness has not been approved by a majority of the qualified voters of said county, and accordingly adjudged that bonds which the defendants have duly authorized, when issued and sold by the defendants, will be valid obligations of Henderson County.

The plaintiff excepted to the judgment and appealed to the Supreme Court, assigning error in the judgment.

*C. D. Weeks for plaintiff.*
*Redden & Redden and A. F. Mitchell for defendants.*

CONNOR, J. Prior to 1 April, 1936, Henderson County had defaulted in the payment of principal and interest due on its bonded indebtedness. For the purpose of refunding the indebtedness of said county, as author-

ized by statute (N. C. Code of 1935, sec. 1334 [8] [j]), and thereby restoring its credit and relieving its taxpayers of burdensome taxes, the Board of County Commissioners of Henderson County entered into a contract with the North Carolina Municipal Council, Inc., of Raleigh, N. C., by which the said board agreed to pay to said council a sum not to exceed one-half of one per cent of the par value of its outstanding bonds for its services and expenses in the preparation and submission to the bondholders of said county of a plan for the refunding of the bonded indebtedness of Henderson County. The said North Carolina Municipal Council, Inc., has fully performed its contract with the Board of County Commissioners of Henderson County. The said board has duly authorized the issuance of bonds of Henderson County to raise money to pay in cash certain sums now due on its bonded indebtedness, and also to pay for the services rendered and the expenses incurred by the North Carolina Municipal Council, Inc., in the preparation and submission to the bondholders of Henderson County of a plan for the refunding of its bonded indebtedness. This plan, when accepted by the bondholders, will result in a substantial decrease in the interest rate on the bonds of Henderson County heretofore issued and now outstanding, and has been approved by the Local Government Commission of North Carolina.

On the facts agreed in the instant case, we are of opinion that the indebtedness incurred by Henderson County for services rendered and for expenses incurred by the North Carolina Municipal Council, Inc., of Raleigh, N. C., in the preparation and submission to the bondholders of Henderson County of a plan for refunding the bonded indebtedness of said county, is a necessary expense of Henderson County, within the provisions of section 7 of Article VII of the Constitution of North Carolina, and that said indebtedness is a valid indebtedness of Henderson County, although it has not been approved by a majority of the qualified voters of said county. For that reason, the bonds duly authorized by the defendants, as the Board of County Commissioners of Henderson County, when issued and sold as provided by law, will be valid obligations of Henderson County.

In *Henderson v. Wilmington*, 191 N. C., 269, 132 S. E., 25, it is said: "The decisions heretofore rendered by the Court make the test of a necessary expense the purpose for which the expense is to be incurred. If the purpose is the maintenance of the public peace, or the administration of justice; if it partakes of a governmental nature or purports to be an exercise by the city of a portion of the State's delegated sovereignty; if, in brief, it involves a necessary governmental expense—in these cases, the expense required to effect the purpose is necessary within the meaning of Article VII, section 7, and the power to incur such expense is not dependent on the will of the qualified voters."

The Board of County Commissioners of Henderson County, under the provisions of the County Finance Act, has the power to authorize, issue, and sell bonds of said county for the purpose of refunding the valid indebtedness of said county. *Hartsfield v. Craven County,* 194 N. C., 358, 139 S. E., 698. An indebtedness incurred in good faith by the governing body of the county for the reasonable and necessary expense of refunding its indebtedness is a necessary expense, and may be incurred without the approval of a majority of the qualified voters of the county, especially when, as in the instant case, the refunding of said indebtedness will result in decreasing the rate of interest on the bonded indebtedness of the county. The judgment is

Affirmed.