FORBES *v.* CITY OF DURANT.

In Banc.  May 22, 1950.

No. 37526  (46 So. (2d) 551)

**W. E. Cresswell,** and **King & King,** for appellant.

**Carl F. Drake,** and **Johnson & White,** for appellee.

**Smith, J.**

There are two assignments of error here: (1) the verdict of the jury was contrary to the overwhelming weight of the evidence; and (2), the trial court erred in granting a certain instruction to appellee. Since ██ █ the evidence was conflicting, and the jury's verdict was based thereon, and since we cannot confidently hold that it was against the overwhelming weight of the evidence, we would not be justified in setting the verdict aside, and reversing the judgment and remanding the case for a new trial, on the first assignment. However, the second assignment must be sustained.

Appellant operated, at different times, two places on Highway No. 12, between Durant and the Big Black River. His business was selling soft drinks and beer, and conducting a cafe. All of the sewerage system of the City of Durant converged into a single sewer, running in the proximity of Highway 12, intended ultimately to be discharged into the aforesaid river. It began to fail, and in 1944 did fail to function, depositing the excreta and other sewerage on the ground between, before reaching the river, creating a condition from which arose foul and offensive odors. Appellant's first establishment was closer to the City of Durant, approximately one hundred

and fifty feet west of his second place, the latter being the one involved in this action. However, after a few months he moved to the second site in June 1948, which he operated as a cafe and drink dispensary, and occupied as his residence on the second floor. It was during his tenancy there that he alleged he sustained the damages claimed. The offending source of the allegedly foul odors was eight hundred and six feet east thereof, down toward Big Black River. Thus, it appears, appellant moved closer to the alleged nuisance situation. He knew of these conditions before such removal. In other words, he came nearer to it, with knowledge thereof. He sued the City of Durant for damages, claiming same to have proximately resulted from the broken and clogged sewer, its deposit of excreta and sewerage on the ground, instead of in the river, as originally designed, and creating offensive odors, so that he had to abandon his last place of business, as he charged in his declaration.

It is not necessary to detail further facts, either in evidence of the plaintiff, or in exculpation of the city. The case was a close one on the facts, and the jury, as triers of the facts, found thereon for the defendant. In such a situation, the matter of instructions becomes of increased importance. When the matter was turned over to the jury, it received from the court the following instruction at the instance of appellee.

"The Court instructs the Jury for the defendant, City of Durant that if you believe that Jamie V. Forbes knew before June 1, 1948, the date on which he moved to 'Jamie's Drive In,' of the alleged unsanitary and unhealthy condition of which he complains, then you will find for the defendant."

It was sufficiently demonstrated in the record, we think, that he did know thereof, so we address ourselves solely to the question of law in this instruction to the jury. Appellee cites Section 196, Nuisances, 39 Am. Jur., page 471, dealing with previous knowledge of the offending nuisance. This section, we think, does not

support appellee's contention as set forth in the foregoing instruction. The section concludes as follows: "According to the weight of authority, however, the fact that a person voluntarily comes to a nuisance by moving into the sphere of its injurious effect after its creation will not deprive him of his right to injunctive relief or damages."

Appellant calls our attention to Section 197 of the same work, dealing with Nuisances, wherein it is said: "As a rule, it is no justification for maintaining a nuisance that the party complaining of it came voluntarily within its reach. Thus, according to the weight of authority, the fact that a person voluntarily comes to a nuisance by moving into the sphere of its injurious effect, or by purchasing adjoining property or erecting a residence or building in the vicinity after the nuisance is created, does not prevent him from recovering damages for injuries sustained therefrom, or deprive him of the right to enjoin its maintenance, especially where, by reason of changes in the structure of business complained of, the annoyance has since been increased."

This Court has dealt with this matter, and we quote from our opinion, which is a quotation from the Georgia case of Georgia Railroad and Banking Company v. Maddox, 116 Ga. 64, 142 S. E. 315, as follows: " 'In the second place it is obvious that, if a terminal yard is a nuisance because located near dwellings, it would clearly be a nuisance wherever it might be put, even in the woods or fields, as soon as the owners of adjacent lands build houses on their lands; for the old rule, maintained by some authorities, that coming to a nuisance will prevent a person so coming from making complaint, has long since been exploded. Georgia Railroad and Banking Company v. Maddox, 116 Ga. 64, 42 S. E. 315.' This announcement that the old rule, maintained by some authorities, that coming to a nuisance will prevent a person so coming from making any complaint, has long since been exploded, is a most wholesome announcement, to which

we heartily subscribe." Alabama & Vicksburg Railway Company v. King, 93 Miss. 379, 47 So. 857, 860, 22 L. R. A., N. S., 603.

In view of the texts cited, and our own previously announced approval of the legal principle therein involved, it is obvious that this instruction was erroneous, and prejudicial.

The judgment is therefore reversed and the cause remanded for a new trial.

Reversed and remanded.